## Shriner *versus* Keller.

Where the purchaser of goods pays for them with the note of a third person, given to him for a real consideration, and passes the note to the vendor by endorsement, the vendor can only recover on the note; and to enable him to recover against the endorser he must show that the note was regularly dishonoured.

But where the note was made for the mere accommodation of the purchaser, and to get him a credit, and he endorses it to the vendor of goods, the maker of the note stands in the relation of surety for the endorser; and the latter, in an action against him on the endorsement, cannot set up by way of defence that the vendor held the note and never demanded payment of the maker.

Where the vendee of goods was sued on an accommodation note made for his credit, and endorsed by him over to the vendor, and the case was arbitrated, appealed from, tried in court and reversed on error; on the second trial below the plaintiff amended his declaration by joining a new count for goods sold and delivered, no exception being taken, or anything appearing in the record to show objection on the part of the defendant. *Held*, that after a defendant goes to trial and takes the chance of a verdict on a declaration thus amended, it is too late to object.

ERROR to the Common Pleas of *Union county*.

This action was brought to recover of Shriner, the defendant, a promissory note given by John Plank to H. and D. Keller, the plaintiffs below, for $600, dated January 25, 1851, payable one year after date, and endorsed "Charles H. Shriner."

A statement was filed against the defendant as *endorser*. The case was arbitrated, appealed from and tried, and verdict for plaintiff for $648.20; and the judgment was reversed on error, on the ground that defendant was not liable upon his endorsement, for the reason that he had no notice of the non-payment of the note by the maker. The record was remitted, and on the 26th September, 1853, by leave of the Court below, the plaintiffs' counsel filed an amended statement for 39 Hathaway stoves, sold and delivered by plaintiffs to defendant between the 14th May, 1850, and 8th October, 1850, at $18 per stove, making $702, with interest from six months after delivery, alleging the said note was given for the said stoves. A jury was called on the 16th February, 1854, when the defendant first had notice of the amended statement. A verdict was rendered for plaintiffs for $800; $200 more than the face of the note. The Court refused the defendant a new trial, provided the plaintiffs released the excess. This was done accordingly, and defendant sued out this writ of error.

Plank, the maker of the note, was examined as a witness for plaintiffs in the case, to show that Shriner was the original debtor, and Plank only surety.

[Shriner *v.* Keller.]

The errors assigned were, 1. That the Court erred in permitting the amended statement to be filed and passed upon by the jury.

2. In instructing the jury that if Shriner was the original debtor, and Plank only surety, the plaintiff was entitled to recover; and that the giving of the note would not be a bar to a recovery on the original cause of action.

*Linn*, for plaintiff in error.—The note was for $600, and suit brought against the endorser; the amended statement was for stoves to the amount of $702, delivered to defendant, and for an entirely different cause of action, and for an amount beyond the note of $102. This was not the matter arbitrated, nor the case appealed from, and would subject the defendant and his bail on the appeal to responsibilities not within the scope of their obligations.

Plaintiff taking the note from Plank in payment with Shriner as endorser, and failing to give notice of protest and non-payment to the endorser, was a discharge of the endorser; and is in law an acceptance of another security in satisfaction of the original debt: 5 *W. & Ser.* 33; 2 *Binney* 446; 2 *Whar.* 11; 2 *W. C. C. R.* 24; 1 *W. C. C. Rep.* 262, 264; 5 *Whar.* 487; 4 *W. R.* 208.

*Casey*, for defendant in error.

The opinion of the Court was delivered by

BLACK, J.—The defendant below was the endorser of a note. But there was no sufficient evidence given to show that payment had been demanded of the maker. There was also a count in the declaration for goods sold and delivered, and on that the plaintiff was permitted to recover.

When the vendee of goods endorses to the vendor in satisfaction of the price, a promissory note made by a third person for a real debt, the vendor must recover on the note or not recover at all. He cannot entitle himself to a judgment against the endorser without showing that the note was regularly dishonoured. The cases cited by the plaintiff in error establish this principle, and they establish nothing more that is pertinent to the case. But where the note was made for the mere accommodation of the purchaser of the goods, in order to get from the seller a credit which might otherwise have been refused, and the goods are sold to the endorser on the joint credit of the maker and endorser, the equitable relation subsisting between them is simply that of surety and principal. In such a case, the endorser, who is the principal, has no right to complain that his surety has not been pursued before he himself was called on for payment. Though the vendor

[Shriner *v.* Keller.]

cannot recover on the note, he may join a count for the price of the goods, as he did here; and on such a count, the fact that he holds the note and never demanded payment from the maker will be no bar to a judgment in his favour.

The charge of the Court below was in perfect accordance with these rules. The jury found that the maker of the note was but a surety of the endorser, and that the endorser was the purchaser of the goods, of which the price was claimed in one count of the declaration.

One of the errors assigned is that the Court permitted the plaintiff to amend his declaration (a statement) by adding or substituting the count for goods sold, after appeal from the award of the arbitrators, and after a trial and a reversal of the judgment, or rather, that the jury were permitted to pass on it. It was not until a short time before the last trial that any statement other than one which charged the defendant as endorser, was filed. But the filing of it does not seem to have been opposed. There is no trace of an objection to it to be found on the record. There was no motion to strike it off, though there appears to have been an affidavit of the defendant and his counsel, that they did not know of any change in the statement at the time it was made. It does not appear that the Court was requested to say anything on the subject to the jury. After a defendant goes to trial on a declaration amended in this way, pleading to it, and taking his chances of a verdict, it is too late to object. But even if the objection had been made, and the question had been fairly raised in this Court, whether a plaintiff in such circumstances has a right to amend his declaration or statement in the way allowed here, we would have been obliged to decide it in the affirmative.

Judgment affirmed.