## Killion *versus* Power.

51     429
e 24 SC ¹482

1. The upper story of a building had water introduced into it, with a vent by a spigot, which was entirely under the control of the occupant of that story. *Held*, that a duty lay upon him to take care that the spigot should not be left open so as to flood those below.

2. A person, although not in the employ of the occupant, coming to the room and using the water by his permission, was not a trespasser, and it was negligence in the occupant not to see to the condition of the spigot before the store was closed.

3. Where there are qualifying facts, it is the duty of the court, in answering a point, so to present these facts that they may have their due weight with the jury.

· ERROR to the District Court of *Philadelphia*, in which this was an action on the case for negligence by John Power against Henry Killion.

Power, in 1864, occupied the first story of a storehouse in Water street; Killion occupied the stories above him. The Schuylkill water was introduced into the building from the main

[Killion *v.* Power.]

in the street, and carried up by a pipe through Power's store to the third story, where it ended in a stop-cock in Killion's store, under which there was no drain or waste pipe. There was a stop-cock also in Power's store which controlled all the water.

On the 29th of June 1864, the defendant being absent from home, the water was turned off in the main for repairs. Two persons in Killion's employ were left in the store, who testified that they had not turned the stop-cock. Hughes, a customer of Killion, who occasionally came to the store to get a drink, came in on that day, went to the third story, was heard at the water-cock, and told there was no water there. It was not known whether he turned the stop or not.

Amongst other points, the defendant submitted the following:—

"4. If the jury find from the evidence that the spigot mentioned in the evidence was turned by the man Hughes, a person not in the employment of the defendant, nor under his control, without the authority of the defendant or his servants, the defendant is entitled to a verdict."

The court below (Hare, J.) amongst other things charged the jury:—

"If Hughes came upon the premises with the express or implied assent of the defendant or his servants, and with the like express or implied assent turned on the water and left it running, and the defendant and his servants failed to turn it off again, there was evidence of negligence on the part of the defendant."

And answered the defendant's fourth point:—

"This point would be true, if the man Hughes was a mere trespasser in coming on the premises, otherwise the law is as stated in my charge."

The jury found for the plaintiff $208.65. The answer of the court to the defendant's fourth point was assigned for error.

*Sharpless*, for plaintiff in error.—The charge in the declaration is, that the plaintiff was injured by the negligence of the defendant or his servants or a person under his control. Hughes was neither. A man is not responsible by suit for the illegal act of a stranger. The mere assent that Hughes should come on his premises, did not make the defendant liable: Bard *v.* Yohn, 2 Casey 482; 2 Hilliard on Torts 430.

*Thomas H. Speakman*, for defendant in error.—The defendant was responsible for the act of any one whom he permitted to use the spigot, which was in a situation liable to injury. If Hughes was there under the express or implied assent of defendant or his servants, the principle of *respondeat superior* applies. Having a vent for water in the top of a house without any safe mode of escape is of itself negligence: Warren *v.* Kauffman, 2 Phila. Rep. 259.

[Killion *v.* Power.]

To excuse defendant, concurrent negligence or inevitable accident should be shown: Beach *v.* Parmenter, 11 Harris 197. Where one of two innocent persons must suffer from accident, it shall be he who caused it: Philiber *v.* Matson, 2 Harris 306; Bank of Kentucky *v.* Schuylkill Bank, 1 Pars. Rep. 248.

The opinion of the court was delivered, January 23d 1866, by
AGNEW, J.—This action was brought for negligence in leaving open a stop-cock, in the third story of a storehouse occupied by the defendant, and thereby flooding with water the store of the plaintiff in the basement. The only error assigned is to the answer of the court to the fourth point of the defendant. This point asked the court to say, that if the jury found from the evidence that the spigot mentioned in the evidence was turned by the man Hughes, a person not in the employment of the defendant nor under his control, without the authority of the defendant or his servants, the defendant is entitled to a verdict. Evidence had been given to show that Hughes was a customer of the defendant, and was frequently at his store; that on this occasion he came there to get some barrels; got some whiskey in a tumbler out of one of the barrels and went overhead, and was there heard at the stop-cock by one of the employees, and was told there was no water there—the water at that moment being turned off in the street while making repairs. The inference is that Hughes turned the cock, and finding no water, left it so.

The court affirmed this point with the qualification, that if Hughes was not a mere trespasser the law would be as stated in their charge. The charge was that if Hughes came upon the premises with the express or implied assent of the defendant or his servants, and with the like express or implied assent turned on the water and left it running, and the defendant failed to turn it off again, there was evidence of negligence on part of the defendant. We discover no error in this. Where there is evidence of qualifying facts, the court has a right in answering a point to make the qualification which the evidence (if believed) will introduce; for the jury must find on all the facts and not upon a partial view. It is the duty of the court, therefore, to present the case to the jury, so that the qualifying facts will have their due weight in making up their verdict. There was ample evidence here that Hughes was not a mere trespasser. If Hughes came there by permission, and was permitted to use the water, certainly it was negligence under the facts of this case, not to see to the condition of the cock before the store was closed for the day. The stop-cock was in the third story occupied exclusively by the defendant, and where the plaintiff had no right to go. When the defendant or his servants left the store, filled as it was with valuable goods, of course it must be locked up. A duty lay upon him to take

[Killion *v.* Power.]

care that so dangerous a thing as this stop-cock was under the circumstances, should not be left open, to flood the store of his neighbour below stairs. The maxim *sic utere tuo ut alienum non laedas*, has here its most apposite application. It would be such negligence as entitled the plaintiff to recover.

Judgment affirmed.