## Levinson *v.* Myers, Appellant.

*Negligence—Flooding—Injury to goods by water—Question for jury.*

In an action to recover damages for injury to a stock of millinery goods caused by escape of water from an upper floor, it appeared that the upper floor which was under the exclusive control of the defendant, contained water pipes, and a hot water boiler from which the water had not been turned off. The boiler was in a place exposed to the weather, which at the time of the accident was nine degrees above zero. It also appeared that there was a fracture in the bottom of the boiler caused apparently by pressure from within. *Held,* that the court committed no error in refusing binding instructions for defendant.

Argued Jan. 15, 1904. Appeal, No. 50, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1901, No. 204, on verdict for plaintiff in case of Anne Levinson v. Lawrence Myers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for injury to a stock of millinery. Before WHEATON, J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $700. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James L. Lenahan,* with him *A. R. Brundage,* for appellant, cited: Plummer v. Shulmyer, 12 Lancaster Law Rev. 217; Doupe v. Genin, 45 N. Y. 119; Moore v. Weber, 71 Pa. 429.

*J. E. Jenkins,* with him *C. E. Rice, Jr., J. H. Shea* and *H. A. Fuller,* for appellee, cited: Fisher v. Ruch, 12 Pa. Superior Ct. 240; Killion v. Power, 51 Pa. 429; Shafer v. Lacock, 168 Pa. 497; Rose v. Stephens, etc., Transportation Co., 20 Blatchf. 411; White v. Boston, etc., Ry. Co., 144 Mass. 404 (11 N. E. Repr. 552); Wood v. Roxborough, etc., Pass. Ry. Co., 12 Montg. Co. Law Repr. 155.

OPINION BY BEAVER, J., March 14, 1904:

Given, a store room occupied by plaintiff as a millinery establishment, an unoccupied flat or tenement above it, under the exclusive control of the defendant, which contained water pipes and a hot water boiler from which the water had not been turned off; weather, nine degrees above zero; the boiler in a place exposed to the weather; a fracture in the bottom of the boiler caused apparently by pressure from within; a sudden leak through the ceiling; destruction of a large amount of goods which could not be removed in time to avoid deterioration and destruction; was there error in the court below in refusing to affirm the defendant's point that " under all the evidence, the verdict should be for the defendant? "

Under the charge of the court below, the jury must have found as facts the conditions and circumstances recited above, the testimony as a whole justifying such a finding. It is very clear, without discussing the question at length, that the conditions as they appeared in the testimony presented a case from which the jury might infer negligence on the part of the defendant.

In Killion v. Power, 51 Pa. 429, the upper story of a building having water introduced into it, with a vent by a spigot which was entirely under the control of the occupant of that story, it was held that a duty lay upon him to take care that the spigot should not be left open so as to flood those below.

In Shafer v. Lacock et al., 168 Pa. 497, it was held: " Where the thing which causes the injury is shown to be under the management of the defendants and the accident is such as, in the ordinary course of things, does not happen when those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care, and the burden is upon

the defendants of establishing their freedom from fault." See also Fisher v. Ruch, 12 Pa. Superior Ct. 240 ; Matthews v. Pittsburg, etc., Railroad Co., 18 Pa. Superior Ct. 10 ; Lewin v. Pauli, 19 Pa. Superior Ct. 447.

The question of contributory negligence was fairly left to the jury, as was also the alleged failure of the plaintiff to remove or to allow the agent of the defendant to remove the goods which were immediately underneath the discharge of water from the upper story. The charge of the court, as is practically admitted by the defendant, in view of the single assignment of error, was full and fair, and left nothing legitimately in the case untouched or inadequately presented to the jury. To have answered the defendant's point in the affirmative, taking the case from the jury, would have been manifest error.

Judgment affirmed.