## McCoy *v.* Ohio Valley Gas Company, Appellant.

*Negligence—Natural gas companies—Pipe lines—Master and servant—Presumptions—Evidence.*

In an action against a natural gas company by one of its employees to recover damages for personal injuries sustained while repairing a pipe, it appeared that at the point where the explosion occurred a landslide had pushed some of the sections of the pipe from their original location; to what extent did not appear, but sufficient to cause a leak where two of the pipes joined. Plaintiff had no control over the work but simply obeyed orders; and while the work was being done the company did not check or moderate the flow of the gas, although this could have been done. The defendant claimed that the accident was the result of a latent defect in the pipe. The evidence showed that at the time of the accident there was a pressure upon the pipe of about 225 pounds to the square inch, that the pipe had been in the ground for four years subjected continuously to a usual pressure of about 400 pounds. Before it had been placed in the ground it had been subjected to a test of 800 pounds, and after it had been placed in the ground it had been subjected to another test of 450 pounds. *Held,* that the case was properly submitted to the jury inasmuch as the circumstances connected with the happening of the accident were sufficient to warrant an inference of negligence in failing to shut off the gas or regulate its flow.

Argued Oct. 20, 1905.    Appeal, No. 97, Oct. T., 1905, by defendant, from judgment of C. P. Washington Co., May T., 1904, No. 35, on verdict for plaintiff in case of George McCoy *v.* The Ohio Valley Gas Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before McILVAINE, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points:

5. The uncontradicted evidence in this case being that the defendant followed the usual method and the one invariably adopted by pipe line companies in temporarily repairing lines such as this, and there being no evidence that any accident was liable to occur by reason of the method employed, the plaintiff cannot recover and the verdict must be for the defendant.    *Answer:* Refused—the case is one for the jury and not the court to determine. [1]

6. The uncontradicted evidence in this case being that the method pursued by the defendant was not only such as is usually adopted by other corporations conveying natural gas, but that the accident itself was unusual and extraordinary and unforeseen, the defendant cannot be held to the duty of warning the plaintiff against such unforeseen and unexpected accident and the verdict must be for the defendant.    *Answer:* Refused. [2]

7. Under all the testimony in this case, the plaintiff cannot recover and the verdict should be in favor of the defendant.    *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $4,000.    Defendant appealed.

*Errors assigned* were (1-3) above instructions, quoting them.

*A. M. Todd,* with him *J. A. Wiley,* for appellant.—Plaintiff assumed the risk of his employment: Titus v. R. R. Co., 136 Pa. 618; Diver v. Singer Mfg. Co., 205 Pa. 170; Zahniser v. Penna. Torpedo Co., 190 Pa. 350; Simpson v. Locomotive Works, 139 Pa. 245.

Where an accident results from an unforeseen cause not discoverable in advance of its occurrence, with no visible defect in any part of the machinery, and no knowledge of any defect on the part of the men who were constantly using the machinery, or of the employer, the accident is one of the ordinary risks of the employment which the servant takes upon himself: Bradbury v. Kingston Coal Co., 157 Pa. 231; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

*R. W. Parkinson, Jr.*, for appellee.—This is no case of latent defect. The defendant proved that this pipe had all been thoroughly tested both before and after being laid to the ordinary maximum pressure, thus establishing that there was no latent defect in the pipe. The defect was patent. The proximate cause of this blow-out was the negligent permission of an unknown high pressure of gas in a line known to be in an injured and strained condition ; and what caused the injury to the line has no effect to shift the cause : Oil City Gas Co. v. Robinson, 99 Pa. 1.

Where the plaintiff shows a series of acts from which the inference of negligence arises, that inference is sufficient to carry the case to the jury ; having once arisen, either as matter of law or from affirmative evidence of acts of commission or omission, it remains until overcome by countervailing proof; whether so overcome is a question of fact which the court could not determine : Devlin v. Beacon Light Co., 198 Pa. 583 ; Kane v. Phila., 196 Pa. 502 ; Spear v. R. R. Co., 119 Pa. 61.

The defendant company was dealing with a dangerous substance, and must be held to a high degree of care : Koelsch v. Philadelphia Co., 152 Pa. 355 ; Heh v. Consolidated Gas Co., 201 Pa. 443 ; Finnerty v. Burnham, 205 Pa. 305 ; Rummell v. Dilworth, 111 Pa. 343.

Whether defendant's representatives in charge were expecting this explosion or not, " If they ought to have known the danger, as men of ordinary prudence, and yet persisted in maintaining the obstruction, they are responsible : " Scott v. Hunter, 46 Pa. 192 ; Bennett v. Standard Plate Glass Co., 158 Pa. 120 ; Smith v. Coal & Iron Co., 186 Pa. 28 ; McGray v. Varnish Co., 7 Pa. Superior Ct. 610 ; Leo v. Electric Light, etc., Co., 140 Pa. 618 ; Williams v. Clark, 204 Pa. 416 ; Reese v. Clark, 198 Pa. 312 ; Walbert v. Trexler, 156 Pa. 112 ; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122 ; Tissue v. Balt. & Ohio R. R. Co., 112 Pa. 91.

OPINION BY MR. JUSTICE STEWART, January 2, 1906 :

The plaintiff was injured by an explosion that occurred in the pipe line of the defendant company, at a point where he and others of the company's workmen were engaged in the work of repairing, under these circumstances :

The pipe line was some three feet underground, and at this particular place it followed the side of a hill. A landslide had here pushed some of the sections of pipe from their original location, to what extent does not appear, but sufficient to cause a leak where two of the pipes joined. To relieve the line of the pressure and restore it to its place, the earth on the higher side was being removed, and the pipe uncovered so as to admit of its repair. The plaintiff was engaged in this work. It had been ascertained that the leak was about the collar of a joint, but it did not appear that examination had been made to ascertain whether other or further injury had resulted from the slide.

At the time the work was being done there was no interruption in the use of the line; the distribution of gas through the line continued at a pressure of about 225 pounds to the square inch, although by the use of safety valves and gates, which were placed along the line at intervals of three miles, the gas could have been wholly shut off or its flow regulated, at the pleasure of the defendant company, not, however, without serious inconvenience to the consumers who depended on the line for a regular and constant supply. The explosion occurred at the end of the pipe where the leak was discovered to be, breaking out a piece of pipe varying in width from six to ten inches, and extending back from the mouth some three feet. From the opening thus made the gas escaped against the earth about the pipe, and with great violence threw such material as was in its way against the plaintiff, inflicting upon him serious bodily injury.

This action was brought to recover for the injury thus sustained, and the negligence charged as the basis of the action was the failure of defendant company to arrest or sufficiently moderate the flow of gas from the line while the plaintiff and his fellow workmen were there engaged.

As will be seen, plaintiff's case rested wholly upon the inference of defendant's negligence, no direct evidence of negligence having been adduced. The theory advanced by defendant to account for the explosion was that it occurred in consequence of a latent defect in the pipe. The question raised on the appeal, and the only question is, was the evidence of defendant's negligence sufficient to require a submission to the jury?

Whether the explosion occurred in consequence of the latent defect in the pipe, or from a fracture occasioned by the slide, may now never be determined. In the absence of definite knowledge on this point, was the former cause to be presumed, or, as between two conflicting theories, was the former to prevail? An unusual condition existed and the unusual had happened in consequence. The landslide had pushed the line out of its true place with one evident and apparent result—a leak, from which gas was escaping. What else in the way of injury to line or pipe resulted from the slide, if any, was not for the plaintiff to know; he could exercise no authority; his duty was to work where he was placed, the operation being wholly and exclusively under the direction and control of defendant's agents.

The rule in such cases is thus stated by the present Chief Justice, in Zahniser v. Penna. Torpedo Co., 190 Pa. 350: "In cases where the duty is not absolute . . . . it is essential that it shall appear that the transaction in which the accident occurred was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and that the result was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence. If there is any other cause apparent to which the injury may with equal fairness be attributed, the inference of negligence cannot be drawn."

In the present case we have two apparent causes suggested, the one giving rise to the inference of negligence, the other negativing it. Can the explosion be attributed with equal fairness to either? If so, it was error in the court to permit the jury to draw an inference of negligence as against defendant. A very brief reference to the facts will show how unequal in force these opposing suggestions are. That of the plaintiff suggests neither difficulty in connection with the occurrence itself nor improbability. The ordinary mind would meet with no surprise in discovering a fracture at the end of the section of pipe where, as in this case, a line three feet underground had been subjected to an external force sufficient to push it from its place and open up a joint through which gas escaped. If otherwise, it is rather remarkable that no effort was made to show that such a result is not, under such circumstances, to be

anticipated. On the other hand, the suggestion of the defendant encounters improbabilities which, if they do not make it unreasonable, make it much less credible than that of the plaintiff. According to defendant's own showing, the pipe before it was in place, had been subjected to a test of 800 pounds pressure to the square inch; after placed in the ground and it had become a part of the line, it was subjected to another test of 450 pounds, and then continuously thereafter, for a period of four years, to the usual pressure of something in excess of 400 pounds. It is, perhaps, possible that notwithstanding all this there was a latent defect in the pipe that caused it to break at this unfortunate moment, under a pressure of 225 pounds, but such bare possibility ought not to prevail against the theory which is both reasonable and probable in all its parts, considered in the light of the evidence.

Can it be said in view of the facts stated and the entire consistency of plaintiff's theory therewith, that the explosion that injured the plaintiff can, with equal reason and fairness, be attributed to a latent defect in the pipe? To ask the question is to answer it. As was said in Shafer v. Lacock, 168 Pa. 497, a case where the actual cause of the accident was not clearly disclosed by the testimony, but circumstances were shown warranting an inference of negligence on the part of defendant, " the occurrence was not in the ordinary course of things, and the circumstances connected with and surrounding it put on them (the defendants) the duty of showing that it was at least consistent with the exercise of proper care in the performance of their work."

This duty in the present case called for something more than a theory that was simply conjectural as to the cause of the explosion. Clearly this was a case where the circumstances connected with the happening of the accident were sufficient to warrant an inference of negligence, and that being so, submission of the question to the jury followed necessarily.

The judgment is affirmed.