## Silver Costume Co. *v.* Passant, Appellant.

*Negligence — Occupiers of real estate — Flooding — Injury to goods by water—Question for jury.*

In an action to recover damages for injury to stock of goods, caused by escape of water from upper floor, where there is evidence that the tenant of the upper floor left the spigot open, in consequence of which, water leaked through floor and damaged property underneath, a fair presumption or inference of negligence arises from the circumstances under which the injury occurred, and the case is for the jury and a verdict for the plaintiff will be sustained.

*Evidence—Specific objection.*

Where a specific objection is made to the admissibility of testimony, which is overruled, all other objections are deemed to be waived.

Argued Oct. 11, 1918. Appeal, No. 122, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1917, No. 513, for plaintiff in case of Benjamin L. Silver, trading as Silver Costume Co. v. J. Edward Passant, trading as The Passant Company.

252, (1919).] Statement of Facts—Opinion of the Court.

Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover injury to stock. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff and entered judgment in favor of the plaintiff and against defendant for $425.   Defendant appealed.

*Errors assigned* were various rulings on evidence; for refusal to grant a new trial, and for dismissing motion for judgment n. o. v.

*William Charles Brown,* and with him *Cornelius Haggarty, Jr.,* for appellant, cited: Oil Co. v. Torpedo Co., 190 Pa. 350; Livingstone v. Pbg. Rys. Co., 64 Pa. Superior Ct. 593; P. R. R. Co. v. Books, 57 Pa. 339; Matteson v. N. Y. C. R. R. Co., 218 Pa. 527.

*Albert L. Moise,* for appellee, cited: Warren v. Kauffman, 2 Philadelphia 259; Shafer v. Lacock, 168 Pa. 497; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Levinson v. Myers, 24 Pa. Superior Ct. 481; Killion v. Power, 51 Pa. 429.

OPINION BY TREXLER, J., March 3, 1919:
The plaintiff occupied the third floor of a building on Sansom street, Philadelphia, and the defendant with another tenant had possession of the fifth floor.  On a Monday morning between five and eight o'clock the stock of the plaintiff was damaged by water coming through the ceiling and upon investigation it was found that a spigot on the fifth floor had been left open and the water overflowing caused the damage.  The son of the defendant had been on the fifth floor on Sunday and had worked

there.   No one else had been there except that the night watchman had gone through the building.

There are cases where a fair presumption or inference of negligence arises from the circumstances under which the injury occurred: Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497.   Thus in Warren v. Kauffman, 2 Philadelphia 259, the Supreme Court held that "if a man has a hydrant on his premises and the water runs from it and through his floor into the story beneath him, and injures the occupant there, ipso facto negligence is prima facia made out, and he is responsible for the injury unless he can show that it happened some other way": See McCoy v. Ohio Valley Gas Co., 213 Pa. 367; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Levinson v. Myers, 24 Pa. Superior Ct. 481: Killion v. Power, 51 Pa. 429.   The last two cases are very similar as to facts with the one before us.

The defendant contends that as there is evidence that there was another tenant who had a right to occupy the fifth floor, defendant's occupancy was not exclusive and therefore he cannot alone be held liable.   There would be force in this objection were it not that the testimony showed that his employee was the only person exercising control of the premises during the time that the injury was occasioned.   Certainly there was no liability on the other party by reason of the act of defendant's employee.   Had the accident arisen from conditions for which both tenants were responsible a different aspect would be presented.

A witness of the plaintiff testified that defendant's son, who was also his foreman, a short time after the overflow was discovered, told him that he had worked on the premises on Sunday, that he had opened the spigot in order to wash his hands, that he found the water had been turned off and that he forgot to close the spigot. The witness stated that the defendant, the father, was present when these statements were made.   Afterwards he made contradictory statements as to the presence of

defendant. Defendant's counsel then moved to strike out the testimony because defendant was not present. The presence or absence of the employer had nothing to do with the competency of the witness's statements. As defendant concededly was not present when the spigot was left open, his silence when the employee was narrating his part of the occurrence would not operate against the defendant, nor would any statement made by his foreman as to how the accident occurred require a reply from him. There was no objection made to the statement in that it was not part of the res gestæ. The defendant apparently, barring the one specific objection, was willing to have it go in as part of plaintiff's case. When a specific objection is made as to the admissibility of testimony all other objections are waived: Fisher v. Ruch, 12 Pa. Superior Ct. 240; Shannon v. Castner, 21 Pa. Superior Ct. 294 (323).

We must, of course, consider the case in the same manner as it was presented in the lower court. We think there was sufficient evidence for the jury to infer negligence and that no reversible error appears in the admission of testimony.

Judgment affirmed.