## Prager *v.* Gordon, Appellant (No. 1).

*Negligence—Landlord and tenant — Porch used in common by tenants—Maintenance—Defective condition—Liability of landlord.*

In an action by a tenant against a landlord to recover damages for personal injuries, sustained through defects in a porch or platform used in common by all of the tenants of a property, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the plaintiff was injured while walking on a platform erected on the roof of the third floor of a dwelling house, which was used by all of the tenants as a place to hang out their laundry, and it was also shown that the platform was in shaky condition, and that the defendant had knowledge thereof, and that he had stated that he would fix it. The accident having occurred in a place provided by the landlord for the convenience of the tenants, which was under his control, he was required to keep it in ordinary safe condition. It was for the jury, therefore, to determine whether the accident would have occurred if the landlord had used such proper care.

*Executors and trustees—Representative capacity—Liability for negligence.*

A personal representative is liable in his individual capacity for torts committed by him. For any cause of action arising through the negligence of an executor or trustee in managing an estate, such executor or trustee is personally liable, and the action must be brought against him in his individual capacity. An estate is not liable for the tort of an executor.

Argued October 10, 1921. Appeal, No. 81, Oct. T., 1921, by defendant, from judgment of C. P No. 5, Phila. Co., March T., 1917, No. 2409, on verdict for plaintiff in the case of Leah Prager, by her next friend and husband Joseph Prager, and Joseph Prager in his own right, v. Benjamin L. Gordon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Leah Prager, for $800 and for plaintiff, Joseph Prager, for $200 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Lewis Lawrence Smith,* and with him *George V. Strong,* for appellant.—The evidence of negligence on the defendant's part was not sufficient to take the case to the jury: Flanigan v. McLean, 267 Pa. 553; Kemmler v. Penna. Co., 265 Pa. 212; Erbe v. P. R. T. Co., 256 Pa. 567; Bruggeman v. York, 254 Pa. 430; Freedman v. Wager et al., 73 Pa. Superior Ct. 180.

The defendant was not individually liable in damages for negligence in his capacity as trustee: Yerkes v. Richards et al., 170 Pa. 346; Eisenbrey v. Penna. Co., 141 Pa. 566; Prinz v. Lucas, 210 Pa. 620.

*Edward Tolen,* for appellee.—The case was for the jury: Shaffer v. Harmony Boro., 204 Pa. 339; Esher v. Mineral R. R. & Mining Co., 28 Pa. Superior Ct. 387; Susko v. Harleigh-Brookwood Coal Co., 244 Pa. 339; Smith v. Standard Steel Car Co., 262 Pa. 550.

OPINION BY TREXLER, J., December 15, 1921:

Morris Cohen the owner of the house, No. 774, South Fifth Street, rented three rooms on the second floor to Joseph Prager. There were six tenants in the house. In the rear of the third floor, and superimposed on the roof was a platform which all the tenants used as a place to hang out their wash. Steps were provided so that they could have easy access thereto. Cohen having died, in his last will and testament appointed the defendant among others trustee and executor. Mrs. Prager went upon the platform for the purpose of hanging out wash, trod on a board which gave way under her weight, and as a result was severely injured. It was shown that the platform was in a shaky condition; that the defendant had knowledge thereof; that he had stated that he would fix it. Under the evidence submitted, the jury could find the accident occurred in a place provided by the land-lord for the convenience of the tenants, a place that was not embraced in the part of the property leased to the tenants but remained under his control. It was ap-parently an extra construction particularly designed for the convenience of the occupants. The landlord there-fore was required to keep it in ordinarily safe condition: Lewin v. Pauli, 19 Pa. Superior Ct. 447. It was for the jury to determine whether the accident would have oc-curred if the landlord had used proper care: Levinson v. Myers, 24 Pa. Superior Ct. 481; Brown v. Towanda Boro., 24 Pa. Superior Ct. 378; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Silver Costume Co. v. Passant, 71 Pa. Superior Ct. 252.

As to the question of the contributory negligence of Mrs. Prager, this was also a matter for the jury. Under all the circumstances, was the platform in such a con-dition as should have prevented a reasonably prudent person occupying part of the premises from using it? This matter was properly submitted to the jury by the learned trial judge.

"Was the trustee individually liable for negligence in his representative capacity?" It seems to be well settled that the personal representatives is liable in his individual liability for torts committed by him. For any cause of action arising through the negligence of an executor or trustee in managing an estate such executor or trustee is personally liable, and the action must be brought against him in his individual capacity. Certainly he has no authority committed to him in his official capacity to do wrong, and because the act is wrongful, it follows it is in excess of his authority. "An estate is not liable for the tort of an executor": Braman's App., 89 Pa. 78, (opinion of the lower court) ; Moulson's Est., 1 Brewster 296; Morgan's Est., 2 Pa. Dist. 816; Gordon v. Robinson, 1 Browne 325. There are a large number of cases in other jurisdictions. They are cited in support of the above-stated principal of law in 24 C. J. 128. See also Thompson Commentaries on Negligence, volume 1, section 71. In Prinz v. Lucas, 210 Pa. 620, cited by appellant, the deed of trust expressly provided that the trustees should not be liable for injury, and therefore the court held that the risk should be assumed and borne by the estate. In Eisenbrey v. Penna. Co., 141 Pa. 566, the executor was a trustee not in the occupancy of the property and exercising no control over it, and was therefore not responsible for damages resulting from the sudden opening of a gate, extending when open, into the line of the street. Yerkes v. Richards, 170 Pa. 346, was a case of breach of contract for the sale of real estate. It was there held that since the estate reaped the benefits of the resale, it was liable for the breach of the contract. This was under the well recognized theory that if assets are obtained through such a transaction, they should be available to right any wrong done, and this was the case even where the action was against the decedent and had died with his person: Williams on Executors, page 1568.

This suit was brought on March 21, 1917, and the statement averred that the accident occurred on September 14, 1914. There was a typographical error as to the date, and when the case came to trial the first time, February 26, 1918, the plaintiff asked leave to amend the statement, and on the same day the amendment was allowed, and a juror was withdrawn. No complaint was made as to this by the defendant until two and one-half years thereafter, and not until after he took his chances with the jury. See Shriner v. Keller, 25 Pa. 61. The assignment which attempts to raise this question is not drawn in accordance with the rules of our court.

The only other question submitted which needs attention is, that the charge of the court was inadequate. The attention of the learned trial judge was not called to this, and it is too late to raise it now. See Roberts v. Vallamont Traction Co., 270 Pa. 19.

All the assignments of error are overruled, and the judgment is affirmed.