## Majestic Amusement Co. *v.* Standard Cigar Co., Appellant.

*Negligence—Damages to real estate—Bursting pipes—Case for jury.*

In an action to recover damages for injuries to real estate leased to a tenant, caused by the bursting of water pipes, a fair presumption or inference of negligence arises from the circumstances under which the injury occurred, and the case is for the jury and a verdict for the plaintiff will be sustained.

Where the thing which causes the injury is shown to be under the management of the defendant and the accident is such as, in the ordinary course of things, does not happen when those who have the management, use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care and the burden is upon the defendant of establishing freedom from fault.

Argued April 29, 1922.  Appeal, No. 48, April T., 1922, by defendant, from judgment of C. P. Allegheny County,

Statement of Facts—Opinion of the Court. [79 Pa. Superior Ct.
July T., 1920, No. 1551, on verdict for plaintiff in the case of Majestic Amusement Company v. Standard Cigar Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass by a landlord to recover damages from a tenant for injuries to landlord's property. Before MAC-FARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff for $390.95 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*L. S. Levin,* for appellant, cited: Earle v. Arbogast & Bastian, 180 Pa. 409; Nichol et al. v. The Bell Telephone Company, 266 Pa. 463, at page 467; Smith v. Chappell, 25 Pa. Superior Ct. 81, at page 87; McMahen v. White, 30 Pa. Superior Ct. 169, at 175.

*Albert C. Hirsch,* and with him *Watson & Freeman,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

The only question raised by the assignment is the sufficiency of the testimony submitted by the plaintiff to sustain the verdict. The facts can be briefly stated. The defendant leased certain premises from the plaintiff and had complete and exclusive possession of them. During the term of the lease, the entire water system froze and the steam boiler by reason of the expansion of the water in freezing burst, and the damage for which the plaintiff, the landlord sues was occasioned. There was no question that the water system froze and that the freezing caused the damage. The learned trial judge submitted the question to the jury whether the defend-

ant exercised ordinary prudence and care. It is an obvious fact that water left in the heating system of a house, will when the fires are out in cold weather, freeze and cause damage. The defendant, being in possession of the premises and having exclusive control of them was charged with his neglect in not putting the system in such a condition as to prevent the damage. In Silver Costume Co. v. Passant, 71 Pa. Superior Ct. 252, when water escaped from an upper floor by reason of a spigot being left open and damaged the goods of an occupant of a lower floor it was held that as the tenant was in exclusive possession and control, a fair presumption or inference of negligence arose from the circumstances, Levinson v. Myers, 24 Pa. Superior Ct. 481, was a case like this in which damage was caused by the freezing of a boiler and the same conclusion was reached. These cases followed Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, where the principle is clearly stated. "Where the thing which causes the injury is shown to be under the management of the defendants and the accident is such as, in the ordinary course of things does not happen when those who have the management used proper care, it affords reasonable evidence, in absence of explanation by the defendants, that the accident arose from a want of care and the burden is upon the defendants of establishing their freedom from fault."

Judgment is affirmed.