## Cooke v. Davis.

*Negligence of owner of apartment—Water drainage to lower floor—Question for jury.*

In a suit by a lower-floor tenant against an upper-floor tenant to recover for damage caused by the defendant's allowing a gas heater in his apartment to remain burning and unattended for a long period during which he was absent from the apartment, a question of law raised by statutory demurrer on the ground that the act of the defendant did not constitute negligence should be decided for the plaintiff, the question of the defendant's negligence being for the jury.

Affidavit of defence raising question of law.  C. P. Lancaster Co., Nov. T., 1924, No. 31.

*F. Lyman Windolph,* for plaintiff;  *S. R. Zimmerman,* for defendant.

LANDIS, P., J., Jan. 17, 1925.—Conceding, as we must, the facts as set forth in the plaintiff's statement to be true, I cannot see why this case, on its face, should not be decided in favor of the plaintiff.

It is asserted that, in the month of August, 1924, the plaintiff was the tenant of the west half of the first floor and a portion of the cellar of a building known as Nos. 240-242 West King Street, Lancaster City; that at the same time the defendant was the tenant of an apartment located on the second floor of the said premises; that on Aug. 16, 1924, the defendant negligently allowed a gas heater in his apartment to remain burning and unattended for a long period, during which time he was absent from the apartment; that, by reason of the same, boiling water was forced into two aquariums owned by the plaintiff and flooded a portion of the plaintiff's store-room and cellar, killing his goldfish and doing other damage.

The question whether the defendant cannot be found, under the circumstances, by a jury to have been guilty of negligence does not seem to be an open one.  In Shafer *v.* Lacock, 168 Pa. 497, it was held that "the accident, the injury and the circumstances under which they occurred are in some cases sufficient to raise a presumption of negligence and thus cast on the defendant the burden of establishing his freedom from fault.  When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care."  See, also, Fisher *v.* Ruch, 12 Pa. Superior Ct. 240; Matthews *v.* Pittsburgh & Lake Erie R. R. Co., 18 Pa. Superior Ct. 10; St. Clair *v.* Edison Electric Light Co., 38 Pa. Superior Ct. 228; Lewin *v.* Pauli, 19 Pa. Superior Ct. 447.

In Geiser *v.* Pittsburgh Rys. Co., 223 Pa. 170, it was held by the court below, and affirmed by the Supreme Court, that "it is still the rule of law that the happening of the accident, in cases such as this one, is not evidence of itself of negligence, but the *quantum* of proof necessary to establish negligence, under certain circumstances, need be very slight."

There is also another class of cases which seems to particularly bear upon the present question.  In Killion *v.* Power, 51 Pa. 429, an action was brought for negligence in leaving open a stop-cock in the third story of a store-house occupied by the defendant, and thereby flooding with water the store of the plaintiff in the basement.  It was held that the defendant's negligence was properly submitted to the jury.  In Levinson *v.* Myers, 24 Pa. Superior Ct. 481, where damages were claimed for injury to a stock of millinery goods caused by escape of water from an upper floor, and it appeared that the upper

Cooke v. Davis.

floor was under the exclusive control of the defendant and contained water-pipe and a hot-water boiler from which the water had not been turned off, a verdict was sustained; and in Warren v. Kauffman, 2 Phila. 259, the Supreme Court said that, "if a man has a hydrant on his premises and the water runs from it and through his floor into the story beneath him and injures the occupant there, *ipso facto* negligence is *prima facie* made out, and he is responsible for the injury, unless he can show that it happened in some other way." See, also, Silver Costume Co. v. Passant, 71 Pa. Superior Ct. 252; Majestic Amusement Co. v. Standard Cigar Co., 79 Pa. Superior Ct. 309.

These principles are applicable to the present case, and we, taking them into proper account, are of the opinion that the question of law raised in the affidavit of defence should be decided in favor of the plaintiff.

Question of law decided for the plaintiff.

From George Ross Eshleman, Lancaster, Pa.