# Latella *v.* Breyer Ice Cream Company, Appellant.

*Negligence—Team of horses—Standing automobile—Collision with —Presumption of due care—Res ipsa loquitur.*

In an action of trespass to recover for damages to an automobile, it appeared that the plaintiff's automobile was standing along the curb at a place where the plaintiff had a right to have it, and that defendant's driver, having charge of a team of three horses, drove into the standing automobile. Under such circumstances the driving of the team into the standing automobile, in itself, rebuts the presumption that the defendant's driver exercised due care.

Where the thing that causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of events would not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of such care.

Argued October 8, 1925. Appeal No. 92, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, November T., 1923, No. 185, in the case of George Latella v. Breyer Ice Cream Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for damages to an automobile. Before LEWIS, J. without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $145, and entered judgment thereon. Defendant appealed.

*Error assigned,* was refusal of defendant's motion for judgment n. o. v.

*John V. Horan,* for appellant.

*Frederick H. Warner,* and with him *C. P. Sterner,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff's auto was standing along the curb on the right side of the street at a place where the plaintiff had a right to have it.  The defendant's driver, having charge of a team of three horses, drove into the standing auto and caused the damage complained of.  Neither the plaintiff, nor any of his witnesses, saw the accident.  One of the witnesses, who was seated in the plaintiff's business place, heard the crash and upon investigating, saw one of the horses on top of the fender of the auto, and the driver also on top of the machine.  The defendant urges that there is no proof of negligence, that the mere proof of the accident is not sufficient to show want of care, and that the doctrine of res ipsa loquitur does not apply.

As we have noted, the auto was standing still.  The defendant's servant, driving a team of horses, with the use of ordinary care, could, under ordinary circumstances, avoid driving into a standing object.  This presents a case different from McAvoy v. Kromer, 277 Pa. 196, cited by the appellant.  There, the striking of a pedestrian by a machine between crossings was not negligence per se, for in the absence of proof, no one could tell whether the pedestrian rushed in front of the car, or whether he was crossing the street heedlessly.  The driving of this team into the standing auto in itself rebuts the presumption that the defendant's driver exercised due care.  Where the thing that causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of events would not happen if those who have the management use the proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of care: Noah W. Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Margaret Fisher and Harry B. Fisher v. George W. Ruch, 12 Pa. Superior Ct. 240; Silver Cos-

tume Co. v. Passant, 71 Pa. Superior Ct. 252, 29 Cyc. 590; C. Obenauer to use v. Hunter 332 Oct. Term, 1925, Pennsylvania Superior Court.

The assignments of error are overruled and the judgment is affirmed.