Gormley *v.* Union Paving Company, Appellant, and Philadelphia Rapid Transit Company.

Argued October 12, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William G. Wright,* and with him *Robert P. F. Max-well* and *George E. Blewett,* for appellant, cited: Beck v. Germantown Cricket Club, 228 Pa. 173.

*Charles G. Gartling,* for appellee, cited: Scott v. London & St. Katharine Dock Co., 3 Hurlstone and Coltman 596; Lanning v. Pittsburgh Rys. Co., 229 Pa. 575; Palmer v. Gas Co., 49 Pa. Superior Ct. 572; Bryan v. Barber Asphalt Co., 289 Pa. 123; Letvin v. Phoenix Insurance Co., 87 Pa. Superior Ct. 402; Scalet v. Bell Telephone Co., 291 Pa. 451.

OPINION BY TREXLER, J., December 14, 1928:

The plaintiff was injured while alighting from a trolley car on Lehigh Avenue, Philadelphia. The Union Paving Company was repaving the north side of Lehigh Avenue and under its contract was required to erect and maintain in a reasonably safe condition temporary approaches to entrances and exits at places where passengers were discharged from trolleys on said avenue. At the place where the accident happened, the appellant paving company had erected a platform consisting of three tiers of railroad logs, each tier containing four to six ties, side by side laid parallel with the trolley track. The logs were not fastened together to prevent them from becoming separated.

The appellant contends that there is no evidence of negligence on the part of the defendant, that on the same day on which the accident occurred, an inspector of the highway department of the City of Philadelphia went to the place to inspect the temporary platforms or passageways formed by the ties and found that the ties were "certainly satisfactorily laid," that they

were not fastened together, but were backed up by the sub-grade and that sometimes such ties have straps of some kind to fasten them together, the strap being probably of iron.

We start out with the proposition that the defendant company was obligated to erect and maintain the approaches at the entrance of trolley cars. The question is not one of a defective tie or a rotten plank where the weakness of the structure is not visible and proof must be produced to show knowledge actual or constructive, but this case seems more to be one of those where the construction was not ample for the purpose intended and where the failure to supply the requisite purpose of the structure free from fault was not carried out. As stated before, these ties were put in shortly before the accident. If they had been properly laid, would they in the ordinary course of events have separated? It was certainly intended that they should withstand the reasonable traffic of the street and should be so close together as to afford a safe passage for pedestrians.

As was stated in the leading case on the subject quoted by the appellee, Scott v. London & St. Katherine Dock Co., 3 Hurlstone and Coltman 596, and cited in a number of Pennsylvania cases, "the evidence of negligence appears when the detailed explanation of the circumstances immediately preceding the accident, the description of the injuring appliance and the testimony from experience, show that the thing which happened would not have happened had the injuring appliance or thing been securely in place or properly cared for." One of the cases in Pennsylvania following this is the case of Palmer v. Gas Co., 49 Pa. Superior Ct. 572, which held that this principal does not rest on the maxim res ipsa loquitur nor on a presumption of negligence from the failure of defendant to satisfactorily account for the accident. In the case before us, it rests on the evidence tending to

show that in view of all conditions present and apparent at the time the ties were laid, due care was not used to secure them in such manner as to prevent spreading apart from the strain of the ordinary traffic that was reasonably to be anticipated.

The burden being upon the defendant to erect and maintain in a safe condition the approach in question, it should have forseen that it was necessary to construct the platform with such reasonable precautions as to prevent the ties from separating and thus affording the dangerous situation to passengers stepping upon it. Whether the company had performed its duty in this respect was for the jury. The fact that the city inspector said that the ties were satisfactorily laid does not take away the authority of the jury to decide the matter. The ties may have been satisfactorily laid so far as his demands were concerned, but this does not prove that proper care was exercised in the construction of the platform, in fact, as already stated, common experience would lead to the conclusion that a new platform consisting of ties properly laid would not occasion the conditions which caused the accident. The place of the accident was within the exclusive management of the defendant, for the time being, and as stated before, the duty of providing the passageway and maintaining it was imposed upon it by the contract made with the city. The jury could readily come to the conclusion that an accident of this character would not ordinarily happen when those who have it in charge exercise proper care. Shafer v. Lacock, 168 Pa. 497; Latella v. Breyer Co., 87 Pa. Superior Ct. 325; Silver Costume Co. v. Passant, 71 Pa. Superior Ct. 252.

The judgment is affirmed.