# Whitney *versus* Moore.

1. Whitney levied on goods under an execution against Bracken; Moore claimed the goods. In an issue under a sheriff's interpleader between Whitney and Moore, evidence that, after framing the issue, goods of Moore, alleged to be the same, were sold under an execution against him and bought by Whitney, was inadmissible on behalf of Moore.

2. Such evidence could throw no light on the ownership of the property at the time of the levy under Whitney's execution.

March 2d 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON and PAXSON, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term 1873, No. 178.

This was a feigned issue, under the Sheriff's Interpleader Act, made up January 8th 1868, to March Term 1868, of the court below, between William D. Moore *et al.* plaintiffs, and Lawrence F. Whitney *et al.*, defendants.

Prior to January 1867, John H. Bracken, by virtue of a sheriff's

sale, had become the owner of a coal lease of the Charter Oak Mutual Coal Company, including the fixtures and personal property used about the colliery. On the 11th of February 1867, Bracken, for the consideration of $10,000, by writing under his hand and seal, sold an undivided one-third of the lease, fixtures, &c., to William D. Moore. On the 1st of November 1867, by a similar writing, he sold the remaining two-thirds of the colliery, &c., to Moore.

To December Term 1867, Whitney, one of the defendants in the issue, obtained two judgments against Bracken, amounting together to $3091.55, and on the 17th of December 1867, issued executions on them to March Term 1868. Under these executions, the sheriff levied, amongst other things, on mules, cars, iron, &c., as the property of Bracken. The property was claimed by Moore, and, on the application of the sheriff, this issue was framed.

The issue was tried April 23d 1872, before Walker, J.

The plaintiff gave in evidence the writings conveying the coal-lease, fixtures, &c., to him as, above stated.

He then offered in evidence execution—Morgan to the use of Oliver against Moore, issued June 12th 1868, No. 39, to September 1868—and return of sheriff, "Leasehold fixtures, &c., sold to Whitney for $12,000 ;" also execution—Amerling to the use of Oliver against Moore, issued June 16th 1868—to which the sheriff returned, "Defendant's personal property levied on and sold for $1200 as per fi. fa., No. 39, to September 1868."

The defendant objected to the offer; it was admitted by the court, and a bill of exceptions sealed.

Plaintiff then offered landlord's warrant for $591.23 rent, issued against Bracken, and sale under it of divers articles of personal property to Whitney, the defendant. This offer was objected to by defendant, admitted by the court, and a bill of exceptions sealed.

There was evidence that the property sold under the executions and landlord's warrant was the same as that purchased by Whitney under his executions.

The defendant gave evidence for the purpose of showing that the sale of Bracken to Moore was colorable and fraudulent as to creditors.

The court charged :

"Under the ruling of the court upon the first offer of the plaintiff, the whole case turns upon a question of law. If you believe the evidence as admitted by the court in that offer, that L. F. Whitney purchased the articles in question as the property of William D. Moore, at public sale, and the other evidence in the cause, then for the purpose of this case we direct you to find a verdict in favor of the plaintiff, and we propose to dispose of that

[Whitney v. Moore.]

question (which is purely one of law) upon a motion for a new trial."

The verdict was for the plaintiff.

A rule was granted to show cause why judgment should not be entered for defendant *non obstante veredicto*.

The rule was afterwards discharged, and judgment entered for the plaintiff on the verdict.

The defendant took a writ of error and assigned for error the rulings on questions of evidence, the charge of the court and entering judgment for the plaintiff on the verdict.

*G. E. Faquhar* and *F. W. Hughes* (with whom was *L. Bartholomew*), for plaintiff in error.—The property levied on was in the custody of the law and could not be taken in execution, either as the property of Moore, Bracken, or any one else; and Moore's custody of it was substituted for that of the sheriff: Bain *v.* Lyle, 18 P. F. Smith 60; Hagan *v.* Lucas, 10 Peters 400; 1 Troub. & H. Pr., part II., 903. It was Moore's duty not Whitney's to protect the property; Moore took no steps to prevent the sale; and having permitted Whitney to buy he cannot now take advantage of it: Woods *v.* Wilson, 1 Wright 384; Cuttle *v.* Brockway, 8 Casey 45.

*J. W. Ryon* and *B. W. Cumming*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, March 8th 1875.

The evidence referred to in the first assignment of error was erroneously admitted. The executions were issued some months after the feigned issue had been ordered, and under them the leasehold and fixtures of the colliery had been levied upon as the property of William D. Moore, the plaintiff in said issue. The landlord's warrant was still later in point of time, and was issued against John N. Bracken. Whether the property purchased by Whitney at the sale, was the identical property that had been levied upon under his two executions, was a question of fact which, even in the view taken by the court below of the effect of the constable's sale and purchase of the property thereat by Whitney, should have been submitted to the jury. There was some evidence that all of the articles specified in the *narr*. were not sold at the constable's sale. But the radical error was in the admission of the evidence for any purpose. It could throw no light upon the question of the ownership of the property at the time of the levy under the executions of Mr. Whitney. This was the single issue before the jury. The conduct of Mr. Whitney in purchasing the property at the constable's sale, may or may not estop him from recovering hereafter upon the interpleader bond, in case of

27 P. F. SMITH—31

[Whitney *v.* Moore.]

a verdict in his favor upon the feigned issue. This record raises no such question. For the present it is sufficient to say that the inquiry into what became of the property, months after the issue was ordered, was wholly irrelevant.

Judgment reversed, and a *venire facias de novo* awarded.