# Helfrich *v.* Gurnari, Appellant (No. 1).

*Automobiles—Runaway car—Striking pedestrian—Negligence—Case for jury.*

In an action to recover damages for personal injuries sustained by being hit by an automobile, the case is for the jury and the verdict for the plaintiff will be sustained, where it appeared that the defendant entered a saloon and came out three minutes later and found that his car, without any one in it, had run some distance and had struck the plaintiff pinning her against a telephone pole, injuring her seriously.   Under such circumstances, the jury could be permitted to draw the inference that the defendant did not leave the car in proper condition, and unless he produced evidence, which was believed by the jury, that explained the accident, the jury had the right to conclude that he was negligent.   The reasonable possibilities arising out of the facts detailed were to be ascertained by the jury.

Argued March 7, 1922.   Appeals, Nos. 19 and 20, March T., 1922, by defendant, from judgment of C. P. Luzerne Co., March T., 1917, No. 556, on verdicts for plaintiffs in the cases of Margaret Helfrich, by her next friend and father William W. Helfrich, v. Dominick Gurnari, and William W. Helfrich v. Dominick Gurnari. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

450      HELFRICH *v.* GURNARI, Apellant.

Trespass to recover damages for personal injuries. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff, William W. Helfrich for $221, and Margaret Burger (formerly Helfrich) in the sum of $625, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*W. A. Valentine,* and with him *Louis A. Barber,* for appellant, cited: Freedman v. Wager and Karpeles, 73 Pa. Superior Ct. 180; Kemmler v. Pennsylvania Co., 265 Pa. 212; Flanigan v. McLean, 267 Pa. 553; Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440; Keenan v. McAdams & Cartwright Elevator Co., 113 N. Y. Supp. 343, 345; Keber v. Central Brewing Co., 150 N. Y. Supp. 986.

*Frank A. McGuigan,* for appellee, cited: Mountain v. American Window Glass Co., 263 Pa. 181; Bowser v. Citizens Light, Heat & Power Co., 267 Pa. 483, 486; Howard Express Co. v. Wile, 64 Pa. 201; Pass. Ry. Co. v. Foxley, 107 Pa. 537; McCafferty v. Penna. R. R. Co., 193 Pa. 339; Kane v. Phila., 196 Pa. 502; Dormer v. Paving Company, 16 Pa. Superior Ct. 407; Sopherstein v. Bertels, 178 Pa. 401; Valentine v. Colburn Co., 10 Pa. Superior Ct. 453; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Forry v. Phila. Rapid Transit Co., 232 Pa. 403; Henderson v. R. R. Co., 144 Pa. 461.

OPINION BY TREXLER, J., April 17, 1922:

The defendant parked his Ford car in the street and entered a saloon in the City of Wilkes-Barre, and after three minutes returned and found the machine had disappeared. Without any one in it, it had proceeded about

two hundred feet slightly up grade, across the public square, and had struck the plaintiff, pinning her against the telephone pole and injuring her seriously. There is no evidence as to how the machine started. The appellant says that there is no proof of negligence. It is true there is no positive proof, but there is sufficient to allow the jury to infer that the accident occurred through the defendant's carelessness. Whether the defendant overcame this evidence by his proof is a question for the jury. The defendant was the owner and had control of the machine. It was his duty, when he parked it, to see that it was in such a condition that it would remain where it was. In the ordinary course of things such accidents do not happen, if the person controlling the car uses proper care. As stated above, only three minutes elapsed between the defendant leaving the car, and his return and finding it gone. It is possible that within this small space of time someone may have started the car, but the probabilities are all against this theory. When anyone leaves a car and within such a short space of time as here stated, the car is found without a driver, some distance away, the jury can, under the circumstances, be permitted to draw the inference that he did not leave the car in the proper condition and unless he produces evidence which is believed by the jury, that explains the accident, the jury has a right to believe he was negligent. See Heh v. Consolidated Gas Co., 201 Pa. 443; Rauch v. Smedley, 208 Pa. 175; Van v. Richmond, 259 Pa. 300. The reasonable possibilities arising out of the facts detailed were to be ascertained by the jury: Shafer v. Lacock et al., 168 Pa. 497; Booth v. Dorsey, 208 Pa. 276; Ryan v. Woodbury Granite Co., 266 Pa. 105; Wiles v. Emerson-Brantingham Co., 267 Pa. 47.

We do not think that the charge contains reversible error. The question left for the jury by the court was couched in the following language, "Now, the question for you to decide is: Did the defendant leave the engine running in his Ford car when he left it there on that

day, as he said he did not? Did he shut off the engine, as he said he did? If he shut off the engine, then he is not liable, and the plaintiff cannot recover. But if you do not believe him, and believe that he left the engine running, and the car started itself, was not started by an outsider, then the plaintiff may recover." This we think, fairly states the case.

The assignments of error are overruled and the judgment is affirmed.