## Henderson *v.* Horner, Appellant.
### Sellers *v.* Horner.

*Negligence—Automobiles—Negligent parking of car—Presumption—Case for jury.*

1. Where an owner of an automobile parks it, and fails to take the usual precautionary measures to prevent its moving during his absence, he will be liable to persons injured by the moving of the car.

2. In such case his explanations are for the jury, who may presume negligence from the fact that the car was found some distance away from where the driver left it a short time before.

Argued September 30, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 94 and 95, March T., 1926, by defendant, from judgments of C. P. Allegheny Co., July T., 1924, No. 2107, on verdicts for plaintiffs, in cases of M. Josephine Henderson v. Vaughan Horner, and Beryle Sellers v. Same. Affirmed.

Trespass for personal injuries. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for each plaintiff for $3,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* for appellant.

*H. Fred Mercer,* for appellee, was not heard.

PER CURIAM, November 22, 1926:

On March 12, 1924, defendant Horner parked his automobile on Center Avenue, near its intersection with Highland and Ellsworth Avenues, in the City of Pittsburgh, and entered a store in front of which he had stopped. From three to five minutes later, the car began to move backward, crossed the street intersection at a rapid speed, and struck the plaintiffs, who were standing on the sidewalk.

Plaintiffs each sued defendant for the injuries incurred by them, alleging that he was negligent in the manner in which he had parked his automobile. Defendant testified, and was not contradicted by direct evidence, that where the car was standing there was only a very slight down grade, that he had stopped the engine, put the gear lever into neutral position and had set the emergency brakes. It was admitted the wheels were not turned against the curb. Two children, the elder aged three and a half, were left in the car; but no person was seen to tamper with it, and plaintiffs did not claim negligence on part of defendant in leaving the children there.

The cases were submitted to the jury in careful charges, which emphasized the necessity of plaintiffs proving defendant's negligence in order to recover. The jury found for plaintiff in each case, and defendant moved for judgments n. o. v., on the ground that there was no evidence of negligence to support the verdicts; these motions were refused, judgments entered for plaintiff and defendant appealed. Both appeals have been argued together in this court.

From the facts shown, defendant's negligence, in not properly guarding against such an accident as happened, could be inferred, and his explanations were for the jury. As recently said by the Superior Court in Helfrich v. Gurnari (No. 1), 78 Pa. Superior Ct. 449, 451, a somewhat similar case, "When anyone leaves a car and, within such a short space of time as here stated, the car is found without a driver, some distance away, the jury can, under the circumstances, be permitted to draw the inference that he did not leave the car in the proper condition; and, unless he produces evidence which is believed by the jury, that explains the accident, the jury has a right to [find] he was negligent." In the case at bar, the jurors evidently did not accept defendant's explanations and believed that he had failed to take the usual precautionary measures to prevent the car from moving during his absence; hence the verdicts for plaintiffs, on which the court below properly entered judgments.

The judgments are affirmed.