## Metzger et al. *v.* Weller, Appellant.

574

Argued April 25, 1934.

Before TREX-LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John E. Winner,* for appellant.

*David S. Keast,* and with him *Mary L. Schleifer,* for appellee.

OPINION BY BALDRIGE, J., July 13, 1934:

This case is before the court on an appeal from the refusal of the learned court below to enter a judgment for the defendant n. o. v.

The plaintiffs and defendant were owners of adjoining tracts of land, situate in Ross Township, Allegheny County. The plaintiffs charge the defendant with setting fire to underbrush on a windy, dry day, and recklessly and carelessly failing to tend and guard the fire, which extended over on the plaintiffs' lot and

resulted in the destruction of their garage, trees and shrubbery.

The appellant in his argument submitted two questions for our consideration: 1. Was there any evidence of negligence on the part of appellant sufficient to submit to the jury? 2. Was it error to admit in evidence the act of assembly providing for the punishment of the originators of fires?

According to the plaintiffs' testimony, the defendant entered on his vacant land shortly after four o'clock in the afternoon of April 7, 1932, and began raking together dry grass, leaves, etc. Mrs. Metzger said that five or ten minutes thereafter she saw a fire on his land, which she located as about ten feet from their garage; the defendant was engaged in raking the dry material into the fire; that she returned to sweep her hall and about five minutes later she saw the hedge was burning. The fire, aided by the wind, was carried immediately to the garage.

The plaintiffs were not required to show, by direct evidence, the cause of the fire. It was sufficient to prove, by circumstantial evidence, that the natural and probable result of the defendant's actions or omissions was the plaintiffs' loss: Propert v. Flanagan et al., 277 Pa. 145, 120 A. 783. That is to say, the circumstances relied upon had to be consistent and tend in a substantial way to support the reasonable inference that the defendant was negligent in starting the fire, or in feeding it, or in failing to control it. As the learned court below said: "Even if the defendant had nothing to do with originating the fire and did not rake leaves into any fire, but there was a fire on his property and in his presence, particularly where the property is located in a rural district, there would be a duty on the defendant to do everything he reasonably could to prevent the spread of the fire." The defendant did not explain its origin, and there was no

other evidence of an independent cause to which this fire could have been plausibly attributed. He testified that after he started his work of raking, he heard a truck pass on Babcock Boulevard, which was adjacent to defendant's land; but he gave no testimony that any sparks were emitted therefrom. When he turned to look at the truck, he saw a fire about twenty-five feet from the boulevard, fifty feet from the hedge and seventy-five feet back of where he was raking. It could not be fairly inferred that the passing truck was a contributing factor to the fire. The defendant denied starting it or feeding it, and said he hastened to the fire, which then covered about two square feet, and attempted to stamp it out, but it spread so rapidly over the dry grass that it reached the hedge, by which it was communicated to the garage, before he was able to extinguish it.

Taking into consideration the combined circumstances that the fire started within a few moments after defendant arrived, that he was seen feeding it, that no other person was nearby, and the absence of any other reasonable explanation of its origin, we think the jury, under this fairly strong, circumstantial evidence, was justified in finding a verdict in favor of the plaintiffs. See Brown v. Schock, 77 Pa. 471, 479.

As to the second position, the record discloses that no exception was taken to the admission of the act of assembly complained of by the defendant. This appellant was required to do if he desired this court to specifically consider an assignment of error based on the alleged error: Fisher v. The Leader Pub. Co., 239 Pa. 200, 86 A. 776; Gates v. Keichline, 282 Pa. 584, 128 A. 490.

Judgment of the lower court is affirmed.