Young *v.* Yellow Cab Company, Appellant, et al.

496

Argued May 3, 1935.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Harold E. McCamey,* of *Dickie, Robinson & Mc-
Camey,* with him *William Anderson, Jr.,* for appellant.

*Zeno Fritz,* of *Fritz & Briley,* for appellee.

OPINION BY RHODES, J., July 18, 1935:

Plaintiff brought this action in trespass against the
defendant, the Yellow Cab Company, to recover dam-
ages for injuries sustained when struck by the door of
a taxicab owned and operated by the defendant com-
pany. The defendant company brought upon the rec-
ord, by writ of scire facias, F. A. Finley, as an addi-
tional defendant. At the conclusion of the plaintiff's
testimony, the trial court gave binding instructions in
favor of the additional defendant, and no appeal has
been taken from this action of the lower court. The
jury rendered a verdict in favor of the plaintiff against
the original defendant; from the entry of judgment
thereon, the original defendant appeals to this court.

The assignments of error are to the refusal of de-
fendant's motions for binding instructions and judg-
ment n. o. v. In passing on them, we shall regard all
testimony and reasonable inferences therefrom favor-

able to the plaintiff as true, and reject all inferences unfavorable to him. Ross v. Riffle, 310 Pa. 176, 164 A. 913; Morin v. Kreidt, 310 Pa. 90, 164 A. 799.

The facts of the case are undisputed. On the afternoon of December 17, 1932, about 4:15 P. M., the plaintiff was on the west side of Sixth Street, between Liberty and Penn Avenues, walking north towards Penn Avenue, in the city of Pittsburgh. He was walking on the sidewalk of a crowded street, about a foot and a half from the curb and near the lower entrance to Rosenbaum's store, when he was struck by something which he did not see, thrown to the pavement, and rendered unconscious. Two young men, members of a dance orchestra, were walking directly behind the plaintiff. One of these testified that he saw the defendant's cab swing off Penn Avenue into Sixth Street and draw over close to the curb. This witness said that the cab was moving in this position when the right rear door opened and crashed into the plaintiff; that there was a man sitting on the rear seat of the cab, and that he was not doing anything at the time of the accident. The other member of the orchestra, who was an eye-witness to the accident, substantiated the first witness's statement of the manner in which it occurred. This witness testified that he saw a man sitting in the middle of the back seat of the cab.

The appellant contends that there was no evidence of negligence on the part of the defendant; that the mere fact of a collision between an automobile and a pedestrian does not prove negligence or raise a presumption of negligence; and that there is a variance between the allegata and probata.

We have concluded that the question of defendant's negligence was for the jury. Defendant offered no evidence; and it was admitted that the operator of the cab was in the defendant's employ and engaged in the business of the defendant.

The plaintiff was walking on one of the crowded streets in the business section of Pittsburgh. While so walking, about one and a half feet from the curb, he was struck by the door of a cab which suddenly opened as it drove along the street close to the curb. The plaintiff was not aware of what hit him. He was rendered unconscious and taken to the hospital for treatment. The cab was moving when the door opened; a man was sitting in the middle of the rear seat, and doing nothing at the time of the accident.

The cab was under the management and exclusive control of the defendant. The accident was unusual and such as does not occur under normal conditions. It is unusual for the door of a cab to open, while the cab is in motion, and hit a pedestrian who is about a foot and a half in from the curb on the sidewalk. That the door of the cab should swing open and hit the plaintiff, who was on the sidewalk where he had a legal right to be, was an extraordinary and abnormal occurrence. From the facts and circumstances, the jury could draw the legitimate inference that the defendant was negligent.

The rule applicable to this case has been frequently stated. In the case of Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44, 46, it was held: "When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care."

The same principle is set forth in the case of Maltz v. Carter, Admrx., 311 Pa. 550, 553, 166 A. 852, 853, as follows: "Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper

care is used, the burden is on defendant to prove that the accident did not arise from want of care." See Knox v. Simmerman, 301 Pa. 1, 151 A. 678; Durning et al. v. Hyman, 286 Pa. 376, 133 A. 568; Gormley v. Union Paving Co. et al., 95 Pa. Superior Ct. 78; Fitzpatrick v. Penfield, 267 Pa. 564, 109 A. 653; Latella v. Breyer Ice Cream Company, 87 Pa. Superior Ct. 325.

The defendant was the owner and had exclusive control of the cab. Under the circumstances, it was the duty of the defendant to have the cab door properly closed. In the ordinary course of things the accident would not have occurred if due care had been exercised in having the door of the cab properly closed. The defendant offered no explanation; and, hence, the happening of the accident as described affords an inference that it was from want of due care on the part of the defendant.

Appellant contends that there is no evidence that the instrumentality, that is, the door of the cab which inflicted the injury upon the plaintiff, was under the exclusive control of the defendant. In other words, the appellant contends that the plaintiff's evidence did not exclude the possibility that the person on the back seat of the cab had opened the door, and that it was exceedingly probable that this possibility was the true cause of the accident. The plaintiff's evidence shows that the man in the cab was sitting in the middle of the back seat and doing nothing when the door swung open and the accident happened. This testimony, together with the other evidence of the manner in which the accident occurred, was sufficient to exclude every reasonable possibility that some outside or independent agency caused the accident. "The possible causes to be eliminated, as stated in Gallivan v. Wark Co., 288 Pa. 443, do not mean every possible cause which the ingenuity of counsel may suggest as having caused or contributed to the accident, but only those which fairly arise from the

evidence": Kapuscianski et al. v. Philadelphia & Reading C. & I. Co., 289 Pa. 388, 392, 137 A. 619, 620.

The plaintiff's testimony was sufficient to carry the case to the jury on the question of the defendant's negligence; and the jury was justified in returning a verdict for the plaintiff. As was said in Kapuscianski et al. v. Philadelphia & Reading C. & I. Co., supra, p. 392: "The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the defendant: Ferry v. P. R. T., 232 Pa. 403, 406."

The court below, in the opinion of SOFFEL, J., refusing defendant's motion for judgment n. o. v., fully answers the appellant's contention that there is a variance between the allegata and probata in that the plaintiff failed to prove his case in accordance with the averments of negligence set forth in the statement of claim. The court below properly said: "There are six specific allegations of negligence; four of them are general, and two of them are specific. The first specific allegation is: '(b) In failing to sound a horn or other warning device to give the plaintiff proper notice of his approach.' There is no evidence in the case that a warning was not given or that any warning was necessary. The second specific allegation is: '(d) In failing to have the door of his cab properly closed.' It is admitted that there is no specific evidence that the door of the cab was not properly closed, but from the evidence in its entirety that inference is certainly logical and proper. That the case should have been withdrawn from the jury because of failure on the part of the plaintiff to meet the proof alleged in these two specific allegations seems to the court to be without merit."

All assignments of error are overruled, and judgment is affirmed.