## Trostel et al. *v.* Reading Steel Products Corporation, Appellant.

## Trostel *v.* Same.

## Boston Insurance Company & Security Ins. Co. *v.* Same.

274

Submitted April 14, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Fisher, Ports & May,* for appellant.

*Markowitz, Liverant, Wogan & Ruch,* for appellees.

PER CURIAM, April 26, 1943:

Actions of trespass to recover damages alleged to have been caused by the negligent use of an acetylene torch in the cutting of a steel I-beam directly beneath the plaintiff, Trostel's, dental offices. The corporate plaintiffs are insurance companies which, having paid Dr. Trostel under policies insuring him against loss by fire, brought actions against defendant for reimbursement under the subrogation clause in the policies.

The facts may be stated as follows: The plaintiff, Trostel, has his dental offices on the second floor of

the Hays Building on West Market Street, York, Pennsylvania. Adjoining this building on the east is the Frysinger Building. The wall between the first floors of these two buildings was being removed for the purpose of making them into one storeroom.

On November 4, 1940, while this construction work was in progress a fire broke out in Dr. Trostel's office sometime between noon and one o'clock P. M., just above the place where defendant's workman was using an acetylene torch to cut a steel I-beam.

There was testimony that shortly before noon on the day of the fire, while Dr. Trostel was treating a patient, he saw smoke coming into his office alongside a pipe which came up from the floor beneath. He could hear the workmen working beneath the floor and, more specifically, he could "hear" the noise of an acetylene torch being used beneath the floor of his office. When he went to lunch between noon and 12:15 P. M., he stopped to warn the workmen below of the danger of fire, and one Leon LaPrairie, who, admittedly, was an employee of the defendant company stated he was cutting I-beams beneath Dr. Trostel's office with an acetylene torch. L. E. Wagner, Fire Chief of York, on direct and cross-examination, testified that he made an investigation immediately after the fire; that he went to the point where the acetylene torch and equipment were lying on a trestle erected beneath the floor of Dr. Trostel's office; that a steel I-beam, close to the floor of Dr. Trostel's office was cut; that the wood above the I-beam was charred and that a hole was burned through into Dr. Trostel's office and that he could trace the course of the fire from the point of origin to the inside of the office. He further testified that he noticed that a baffle plate was not used at the point where the I-beam was out. He, also, stated that it was his opinion that the acteylene torch caused the fire which made its way into Dr. Trostel's office; that it would not have been possible for the fire to have

started in Dr. Trostel's office and come down through the floor.

The defendant offered no testimony. Verdicts having been rendered for the respective plaintiffs, the defendant moved for judgments non obstante veredicto, which the court refused. Defendant appealed from the judgments on the verdicts.

The opinion of Judge Anderson refusing defendant's motions for judgment non obstante veredicto, reported in 56 York Legal Record 33, satisfactorily disposes of all the questions raised by defendant on these appeals. The following extracts from that opinion are sufficient to sustain the judgments: "Defendant urges that since no one testified that he saw the sparks from the blow torch actually start the fire, and that since there was no proof of the custom of the trade in using a blow torch that the case should not have gone to the jury on the instructions of the court as to circumstantial evidence, which it is not contended was erroneous. In a very similar case (*Metzger v. Willis*, 113 Pa. Superior Ct. 573) in which a garage was destroyed by fire, the Superior Court held that: 'The plaintiffs were not required to show by direct evidence the cause of the fire. It was sufficient to prove by circumstantial evidence that the natural and probable result of defendant's actions or omissions was the plaintiffs' loss.' We find a similar statement in *Propert v. Flanagan*, 277 Pa. 146, where a barn was burned as the result of a nearby dump fire. 'The law does not require proof by direct evidence that a fire was caused in a particular way, but it is necessary to establish not only that it could probably come from the cause assigned, but that was the probable and natural cause. *This may be shown by circumstantial as well as direct evidence.*' The circumstantial evidence rule is well stated in quite a similar case where workmen who were repairing a roof and using a fire pot were charged with igniting the roof

and burning the house. See *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497. 'There are cases in which a fair presumption or inference of negligence arises from the circumstances under which the injury occurred and this we think is one of them ...... When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from want of care.' The learned and famous Judge AGNEW explains the circumstantial evidence rule very clearly and simply in *Brown v. Schock*, 77 Pa. 479: 'In a question of circumstantial evidence, the proof derived from the circumstances is a question of natural presumption, and is to be found by the jury. The strength of this proof depends on the probability resulting from the facts. The presumption thus arising, being a natural one, is to be determined necessarily by the jury, and not by the court. It is the right of the party to have this submitted to the jury, unless it be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the conbined circumstances.' ...... The controlling principle of law is not *res ipsa loquitur* but a kindred rule expressed in *Shafer v. Lacock, Hawthorn & Co.*, supra, and reiterated in innumerable cases since.[1] The more recent cases have added to the rule that after these requirements are met the burden is then upon the defendants of establishing their freedom from fault. *Knox v. Simmerman*, 301 Pa. 1. See also *Kelly v. Yount*, 135 Pa. Superior Ct. 528. Defendant contends

---

[1] "The case is not one of presuming negligence from the happening of the accident, but of inferring negligence from the circumstances from which it apparently arose (*Pope v. Reading Co.*, 304 Pa. 326, 331, 156 A. 106, 108)". Mr. Justice STERN in *Giordano v. Martin et al.*, 347 Pa. 61, 31 A. 2d 504.

that to invoke this rule all other possible causes of the fire must be excluded. Our appellate courts have ruled otherwise. In *Young v. Yellow Cab Co.*, 118 Pa. Superior Ct. 495, where a pedestrian was injured by the rear door of a passing cab suddenly opening and striking him as he walked along the sidewalk, the court held that to prove that the defendant's negligence was the cause of plaintiff's injury, it is not necessary that the proof exclude all other possible causes of the accident, but only those which fairly arise from the evidence. The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant. The rule has been applied where the action was based on the breaking of a seat in a theater (*Durning v. Hyman*, 286 Pa. 376), and where the injury was caused by an unoccupied parked car coasting away from its parking place and striking a child on a bicycle, the court stating that defendant having offered no adequate explanation of the occurrence, the jury was justified in returning a verdict for the plaintiffs. [2]

"In the case at bar the jury found from competent evidence that the fire was the result of the use of the blow torch by defendant's employee. The question of what is the proximate cause of an accident is almost always one of fact for the jury and whether a person charged with negligence or negligent acts or omissions should have foreseen the injuries resulting from these acts or omissions is for the jury if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of neglect of duty. *Ashby v. Phila. Elec. Co.*, 328 Pa. 474. The occurrence

[2] *Hickerson v. Daskam*, 313 Pa. 379, 169 A. 769. See also *Henderson v. Horner*, 287 Pa. 298, 135 A. 203; *Smith v. Jamison*, 89 Pa. Superior Ct. 99; *Helfrich v. Gurnari*, 78 Pa. Superior Ct. 449.

was not in the ordinary course of things, and the circumstances connected with and surrounding it put on the defendant the duty of showing that it was at least consistent with the exercise of a proper care in the performance of its work. There is a class of cases, and this case seems to be one of them, in which accidents are attended by circumstances from which the inference of negligence is legitimate. In such cases negligence is not a presumption of law but a finding of fact by the jury from the surrounding circumstances and conditions and the inferences reasonably deducible therefrom. Since the verdict arrived at by the jury is reasonably supported by the evidence in the case it therefore follows the verdict should not be disturbed and that defendant's motion for judgment n.o.v. should be refused."

The judgments are affirmed.