Commonwealth, Appellant, *v.* Montour
Transport Company

Argued April 12, 1950. Before DREW, C. J., STERN,
STEARNE, JONES and BELL, JJ.

*S. Dale Furst, Jr.,* with him *Phil H. Lewis,* Deputy
Attorney General, *T. McKeen Chidsey,* Attorney General, and *Furst, McCormick, Muir & Lynn,* for appellant.

*John C. Youngman,* with him *Candor, Youngman &
Gibson,* for appellee.

OPINION BY MR. JUSTICE JONES, May 25, 1950:

The Commonwealth sued to recover for damages done one of its highways (U. S. Route 15 in Lycoming County) by the burning thereon of a tractor-trailer and its cargo of gasoline. The tractor-trailer was the property of the defendant company and, at the time the fire occurred, was being operated by an employe of the defendant on the latter's business. The conflagration completely destroyed the automotive equipment.

In its complaint, the plaintiff averred the happening and character of the accident; that, at all times material to the action, the maintenance and operation of the tractor-trailer was in the exclusive control of the defendant, its agents or servants; and that the fire was caused solely by the negligence and carelessness of the defendant, its agents or servants. The complaint did not, however, contain any averment of a specific act of negligence. The defendant filed preliminary objections asserting that the complaint failed to state a cause of action. The court en banc sustained the preliminary objections with leave to the plaintiff to amend. The plaintiff avowedly being unable in the circumstances to assign the cause of the fire, no amendment was offered and judgment was thereafter entered for the defendant on the pleadings. This appeal by the plaintiff followed.

It is, of course, hornbook that negligence is not to be presumed from the mere happening of an accident: *Conway v. Philadelphia Gas Works Company*, 336 Pa. 11, 14, 7 A. 2d 326; *Hanley v. Peoples Natural Gas Company*, 325 Pa. 6, 11, 188 A. 157; *Greed v. Manufacturers' Light and Heat Company*, 238 Pa. 248, 251, 86 A. 95. But that does not mean that negligence must be proven by direct evidence. It may be established circumstantially, e.g., as by physical evidences of excessive speed, and it may be established by proof that the instrumentality causing the injury was within the exclusive management and control of the defendant

and the accident such as would not have happened in the ordinary course of events without negligence. The latter rule, known as the doctrine of exclusive control, is recognized and applied in Pennsylvania: *Fitzpatrick v. Penfield,* 267 Pa. 564, 577, 109 A. 653, and cases there cited. See also *Maltz v. Carter,* 311 Pa. 550, 553, 166 A. 852; *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, 504, 32 A. 44; and *Trouser Corporation of America v. Goodman & Theise, Inc.,* 153 F. 2d 284, 285 (C. C. A. 3); cf. *Sierocinski v. E. I. Du Pont De Nemours & Co.,* 118 F. 2d 531, 535-536 (C. C. A. 3). In the *Fitzpatrick* case, supra, *Scott v. London & St. Katherine Docks Co.,* 3 H. & C. 596, is spoken of as the leading case on the subject. There, ERLE, C. J., said almost a century ago that ". . . where the thing is shewn to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." In words identical with the foregoing, the rule was quoted in *Shafer v. Lacock, Hawthorn & Co.,* supra, from Shearman and Redfield on Negligence, Secs. 59 and 60.

We recently applied the doctrine of exclusive control in *Turek v. Pennsylvania Railroad Company,* 361 Pa. 512, 518, 64 A. 2d 779. Although the action there was against a common carrier, the doctrine of res ipsa loquitur was not applicable.[1] Proof of negligence was necessary to a recovery under the circumstances peculiar to that case. The plaintiff's decedent was an employe of the defendant company and, at the time of his fatal injury in a train wreck, was riding in the train as a passenger in intrastate commerce on a pass containing

---

[1] For the distinction recognized in Pennsylvania between res ipsa loquitur and the doctrine of exclusive control see *Sierocinski v. E. I. Du Pont De Nemours & Co.,* 118 F. 2d 531, 535-536 (C. C. A. 3).

a release of liability. The Federal limitation of liability under the Hepburn Act did not apply. Consequently, the defendant's negligence was a material issue. On that question, the situation as to the control of the train and the nature of the wreck being what it was, Chief Justice (then Justice) DREW, speaking for this court, applied the doctrine of exclusive control as there quoted from *Shafer v. Lacock, Hawthorn & Co.,* supra, and sustained a verdict for the plaintiff on the attendant inference of the defendant's negligence thus supplied.

Here, defendant's preliminary objections admit its exclusive control of the maintenance and operation of the tractor-trailer at the time involved. The inquiry remaining, therefore, is whether the accident was such as in the ordinary course of things does not happen if proper care is exercised. It is on that essentially factual question that the greatest difference appears in the decisions with respect to the applicability of the doctrine of exclusive control. Necessarily, there can be no arbitrary standard for determining the unusualness of an accident. But, the decided cases in this State limn a helpful pattern. Thus, the drifting of an unoccupied automobile downhill was held to have been unusual and not likely to have occurred if due care had been taken by the operator before leaving it: *Hickerson v. Daskam,* 313 Pa. 379, 381, 169 A. 769. In *Knox v. Simmerman,* 301 Pa. 1, 4-5, 151 A. 678, an automobile's leaving the highway was likewise held to afford an inference of negligence which put the burden of explanation upon the defendant. And, as recognized in *Lyttle v. Denny,* 222 Pa. 395, 399, 71 A. 841, the top of a folding bed does not usually fall down if proper care has been taken in putting it up. A roof does not usually catch fire after careful workmen have been working upon it: *Shafer v. Lacock, Hawthorn & Co.,* supra; nor does the underneath part of an office floor burn in like circumstances: *Trostel*

*v. Reading Steel Products Corporation,* 152 Pa. Superior Ct. 273, 276-278, 31 A. 2d 909. In *Dillon v. William S. Scull Co.,* 164 Pa. Superior Ct. 365, 368, 64 A. 2d 525, it was held that a glass jar containing coffee does not ordinarily explode if it has been packed with proper ingredients.

The question, then, of importance here is whether gasoline trucks catch fire on the public highways in the ordinary course of things if they are properly maintained, loaded and operated. We think the answer to that question must be in the negative. Certainly, the defendant cannot well argue what, in final analysis, must mean that, in the usual operation of its trucking business, it was likely to cause dangerous conflagrations on public highways even though it exercised .proper care in the maintenance and operation of its automotive vehicles. The facts pleaded by the plaintiff, when proven, will afford an inference of negligence that will carry the case to the jury; and the duty will then be upon the defendant to exculpate itself by acceptable explanation that the accident occurred through no fault of its own.

Judgment reversed with a procedendo.