EATON REALTY COMPANY *vs.* PETROLEUM HEAT & POWER COMPANY.

JULY 28, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on plaintiff's excep-

tion to the ruling of the trial justice sustaining defendant's demurrer to plaintiff's declaration on all grounds.

The defendant's duty and alleged negligence are expressly stated in the declaration as follows: "For that, on, to wit, the 28th day of May, 1948 the plaintiff was the owner of a certain dwelling house situated at, to wit, 64 Eaton Street in said Providence, and, on said, to wit, the 28th day of May, 1948, the defendant, its agents and servants were and had been theretofore servicing an oil burner in said dwelling house, which oil burner had been installed by said defendant, its agents and servants, and which was under their sole management and control. Whereupon it then and there became and was the duty of the defendant, its agents and servants, to exercise reasonable care to keep said oil burner and its equipment under their control in a reasonably safe condition so that it would not set fire to the plaintiff's premises and damage said property of the plaintiff. Yet, the defendant, its agents and servants, in violation of said duty, while said oil burner was under their control, negligently permitted it to set fire to plaintiff's dwelling house, and the plaintiff avers that it has no knowledge or means of knowledge in what respect the defendant, its agents and servants, were negligent. And the plaintiff avers that, in consequence of said negligence of the defendant, its agents and servants, said fire and the smoke caused thereby damaged said dwelling house belonging to the plaintiff while the plaintiff was in the exercise of due care."

The defendant demurred on the following grounds: "1. The plaintiff has failed to state a cause of action against the defendant. 2. Insufficient facts are set forth to show the alleged duty of the defendant with a breach of which it is charged. 3. Insufficient facts are set forth to show the manner in which the defendant violated its alleged duty. 4. Insufficient facts are set forth to show the manner in which the defendant was negligent. 5. It does not appear the manner in which the defendant negligently permitted

the oil burner to set fire to the plaintiff's dwelling house. 6. Said declaration is vague, obscure, ambiguous and insufficient to permit the defendant properly to answer the same."

It is well settled that a declaration in trespass on the case for negligence must include allegations of a legal duty on the part of the defendant to be performed, the negligent breach of that duty by the defendant, and damage to the plaintiff proximately resulting from such negligence. *Phelps* v. *Burrillville Racing Ass'n,* 73 R. I. 84. Moreover where plaintiff is unable to allege the exact cause of the accident or the precise nature of the negligence the lack of such knowledge or means of knowledge should be alleged. *McCarthy* v. *McCarthy Freight System, Inc.,* 66 R. I. 175. It is also fundamental that a demurrer admits the truth of all material and relevant facts that are well pleaded.

The question before us, therefore, is not one of proof but only whether the declaration sets forth a good cause of action. It clearly alleges a duty upon the part of the defendant to exercise reasonable care to keep in a safe condition an oil burner installed and serviced by it and at the time of the alleged occurrence under its *sole management and control,* so that the burner would not set fire to plaintiff's premises. The declaration also alleges a negligent breach of that duty by defendant, the lack of knowledge or means of knowledge of the precise nature of the negligence, and the consequent damage to the plaintiff while in the exercise of due care.

As stated by this court in the case of *Cox* v. *Providence Gas Co.,* 17 R. I. 199, at page 200: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality." In

348

our opinion the declaration herein appears to satisfy the requirements of pleading as above set forth.

Cases from other jurisdictions support that conclusion. In *Candler* v. *Automatic Heating Inc.*, 40 Ga. App. 280, plaintiff sought damages because of injury to his dwelling house and furnishings as the result of a fire originating in the basement and alleged to have been caused by a heating apparatus sold and installed by the defendant. After pointing out certain defects alleged as the cause of the plaintiff's damage the petition further recited that the plaintiff was guilty of no fault or negligence whatever in the care of the apparatus, but was operating it in the way and manner directed by the defendant, and that the fire was caused by defects in the machinery and by defects in methods of installation, *which defects were unknown to the plaintiff* but were the result of negligence and lack of care and skill on the part of the defendant.

In reversing the judgment of nonsuit the court, at page 287, quoted with approval the following language: "In the absence of any satisfactory explanation that the occurrence was accidental or providential, or other sufficient explanation, if something unusual happens in respect to a defendant's property or to something over which he has control, whereby the plaintiff is injured, and the natural inference on the evidence is that the unusual occurrence is due to the defendant's act, the occurrence, being unusual, is said to speak for itself that such act was negligence."

In the recent case of *Commonwealth* v. *Montour Transport Co.*, 365 Pa. 72, the doctrine of *exclusive control* was recognized and applied. The case was heard on objections asserting that the complaint failed to state a cause of action. The court held the complaint good. It further held that although negligence is not to be presumed from the mere happening of an accident it is not necessary that it be proved by direct evidence, but may be established by proof that the instrumentality causing the injury was within the *exclusive management and control* of the de-

fendant and that the accident was such as could not have happened in the ordinary course of events without negligence.

We are of the opinion that the principle of law enunciated in the above cases is applicable to the instant case and that proof of the facts pleaded in the declaration would establish a prima facie case and warrant an inference of actionable negligence on the part of the defendant. In our judgment therefore the declaration states a good cause of action and the ruling of the trial justice sustaining defendant's demurrer thereto was erroneous.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Boss & Conlan, James C. Bulman,* for plaintiff.
*William A. Gunning,* for defendant.