**ENDLER et ux. v. UNITED STATES.**

No. 3292.

United States District Court, M. D. Pennsylvania.

Nov. 26, 1951.

Joseph L. O'Donnell, Wilkes-Barre, Pa., for plaintiffs.

Joseph P. Brennan, Scranton, Pa., for defendant.

MURPHY, District Judge.

Plaintiffs, residents of this district, seek damages for personal injuries sustained in an accident in which a United States Post Office Department mail truck, driven by one of its employees in the course of his official duties, was involved. The accident occurred on McLean Street in the City of Wilkes-Barre, Pennsylvania. Jurisdiction is based upon 28 U.S.C.A. §§ 1346(b) and 1402(b) of the Federal Tort Claims Act.

McLean Street runs generally from east to west in a steep descending grade. On the afternoon in question Mildred Endler was standing in her front yard at 123 McLean Street talking to her neighbor, Mrs. Mary Eastwood, who was "passing by" on the sidewalk. A few feet away on the sidewalk, Nancy Endler, age two, was playing with a child of Mrs. Eastwood. Meanwhile one William Worvel, a substitute carrier engaged in delivering parcel post, drove a mail truck down McLean Street. He brought the truck to a stop on the left side of the street in front of No. 147 in order that he might deliver a parcel at that address. He testified that he pulled the wheels to the curb—the left

front wheel immediately against the curb—pulled the hand brake on as far as he could and shut the motor off. He then left the truck unattended and went up to the porch at No. 147. While he was waiting for some one to come to take the package, the truck, with no person near it, for some unexplained reason started down the hill. It went to the right diagonally across McLean Street, struck a car parked in front of No. 134, then veered to the left side of the street, went over the curb in front of No. 123, across the sidewalk, through the hedge, and into the Endler yard. In doing so it struck and injured Nancy and Mildred Endler.

In determining the substantive rights of the parties, we look to Pennsylvania law, § 1346(b), supra. Damages are never presumed; they must be proved by competent credible evidence. Rice v. Hill, 315 Pa. 166, 172, 173, 172 A. 289.

Have plaintiffs presented sufficient evidence to justify a finding that defendant was negligent? Ordinarily negligence is not to be presumed from the mere happening of an accident. Rennie v. Schepps, 297 Pa. 39, 41, 146 A. 261. And the burden of proof is upon the plaintiffs. Bender v. Welsh, 344 Pa. 392 at page 395, 25 A.2d 182. The rule is however that if the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of events would not happen if the defendant, who has the management, uses proper care, the burden is then placed on the defendant, not to explain the accident, but to show that he exercised due care. Bender v. Welsh, supra, 344 Pa. at page 395, 25 A.2d 182; Young v. Yellow Cab Co., 118 Pa. Super. 495 at pages 498, 499, 180 A. 63.

It is not a case of presuming negligence from the happening of an accident, but of inferring negligence from the circumstances from which it apparently arose. Giordano v. Clement Martin, Inc., 347 Pa. 61 at page 63, 31 A.2d 504; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44, 46, 29 L.R.A. 254; see Trostel v. Reading Steel Products Corp., 152 Pa. Super. 273 at page 277, 31 A.2d 909, and cf. Wallace v. Keystone Auto Co., 239 Pa. 110 at page 115, 86 A. 699.

The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant. Young v. Yellow Cab Co., supra, 118 Pa. Super. at page 500, 180 A. 63.

The defendant was the owner and had control of the machine. It was its driver's duty when he parked it to see that it was in such condition that it would remain where it was. In the ordinary course of things such accidents do not happen, if the person controlling the car uses proper care. Helfrich v. Gurnari, 78 Pa.Super. 499 at page 451; Hickerson v. Daskam, 313 Pa. 379 at page 381, 169 A. 769.

When any one leaves a car and within a short space of time that car is found without a driver, some distance away, the jury (here the trial judge sitting without a jury) can, under the circumstances, be permitted to draw the inference that he did not leave the car in the proper condition and unless he produces evidence which is believed by the jury, that explains the accident, the jury has a right to believe he was negligent. Helfrich v. Gurnari, supra, 78 Pa.Super. at page 451. The reasonable possibilities arising out of the facts detailed are to be ascertained by the jury. Ibid. And see Henderson v. Horner, 287 Pa. 298, 135 A. 203; See Note 16 A.L.R.2d 979.

While there is no positive proof of defendant's negligence, the situation is such as to lead to no other inference but that the defendant and its driver failed to exercise due care under the circumstances and that such negligence directly and proximately caused the plaintiffs' injuries hereinafter outlined.

As to Mildred Endler: Shock, multiple contusions and lacerations of the body and extremities and in particular a periosteal laceration 8 inches long, ¾ inch wide over the anterior crest of the right tibia, and a bruised right foot. She was confined to bed at the Mercy Hospital in Wilkes-Barre for sixteen days and for a time thereafter at home. A depigmented scar 7½ inches by ¼ inch, moderately

adherent, extends distally along the shin bone just below the knee. The appearance is such that it gives the impression that the wearer has a run in her stocking. About the area of the scar small spider web type varicose veins have developed. The ankle remains swollen about ⅛ of an inch. There is a 5% limitation in the motion of the ankle caused by the scar interfering with the muscle which pulls the leg up. To compensate for this interference it is necessary that Mildred Endler wear an elastic ankle support. All of the foregoing occasioned pain and suffering.

As to Nancy Endler: Shock, multiple contusions and lacerations of the face, body and extremities, a transverse comminuted fracture of the right femur, upper third. While she was undergoing treatment for the fracture pneumonia developed. There is a slight weakness of the gluteal muscle. While the fracture has healed there is a 15% limitation in some of the motions of the right hip and knee—abduction, circumduction and rotation. The limitation of motion is apparent only after fatigue or exertion. This condition will not improve. All of the foregoing occasioned pain and suffering.

As a result of the foregoing Edward Endler suffered special damages as follows:

*Hospital*
Mercy Hospital, Wilkes-Barre
| | | |
|---|---|---|
| Mildred Endler | $195.08 | |
| Nancy Endler | 306.00 | |
| Total | | $ 501.08 |

*Medical Services*
Dr. E. S. Dougherty
| | | |
|---|---|---|
| Nancy Endler | 386.00 | |
| Mildred Endler | 223.00 | |
| Dr. John L. Lavin | | |
| Mildred Endler | 300.00 | |
| Total | | 909.00 |

*Nurses*
For Mildred Endler:
Mary Corrigan, R. N.
| | | |
|---|---|---|
| Sept. 13 to Sept. 21, 1947 | 72.00 | |
| Mary Lyall, R.N. | | |
| Sept. 14 to Sept. 23, 1947 | 80.00 | |
| For Nancy Endler: | | |
| Claire McHugh, R.N. | | |
| Sept. 14 to Sept. 27, 1947 | 112.00 | |
| Nov. 3 to Nov. 8, 1947 | 48.00 | |
| Total | | 312.00 |
| Loss of Services of Mildred Endler | | 120.00 |
| Total | | $1842.08 |

which amount is hereby awarded to Edward Endler.

For injuries sustained and for pain and suffering Mildred Endler suffered damages in the sum of $2,450, which is hereby awarded to her.

For injuries sustained and for pain and suffering Nancy Endler suffered damages in the sum of $4,150, which is hereby awarded to Edward Endler as father and next friend for and on behalf of Nancy Endler.

Orders in compliance with the foregoing will be handed down this date.