**REUTER et al. v. UNITED STATES.**

**Civ. A. No. 3801.**

United States District Court
M. D. Pennsylvania.

Feb. 13, 1953.

Frank B. Boyle, of Markowitz & Liverant, York, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendants.

MURPHY, District Judge.

This is an action under the Federal Tort Claims Act by Dorothy V. Reuter (38) and Joseph A. Reuter, her husband, of York, Pennsylvania, in this district, seeking damages for personal injuries sustained by plaintiff wife and losses incurred by plaintiff husband.

█ Jurisdiction is based upon 28 U.S. C.A. §§ 1346(b), 1402(b). All operative facts occurred in Pennsylvania. We look therefore to that law to determine the substantive rights of the parties. Id. 1346(b). The parties have stipulated the facts as to the location of and the circumstances under which the accident occurred. The only dispute is as to the extent of the injuries sustained and the losses incurred.

The accident occurred at the intersection of West Market Street (E. & W.) and Beaver Street (N. & S.) in the city of York. Traffic at the intersection is regulated by electric signals. At about 4:30 P.M. on a day in June, Dorothy Reuter in the exercise of due care proceeded to cross West Market Street north to south walking in the lane provided for pedestrians. The traffic light was in her favor. When she had traversed some twelve feet she was struck and knocked to the pavement by a United States Mail truck driven by one Herbert A. Stauffer proceeding west on Market Street in the course of his official duties. The defendant's driver, notwithstanding the signal light was red as to traffic coming from the direction in which he was traveling and the likelihood of striking Dorothy Reuter, was unable to stop the truck because of a defective brake —a pin was missing from the brake spring rendering the brake unworkable.

Under the circumstances Dorothy Reuter was in the exercise of due care; the defendant's driver was negligent; such negligence was the proximate cause of the injuries and losses sustained by both plaintiffs. The defendant is liable therefor. As to the law, see and cf. Endler v. United States, D.C.M.D.Pa.1951, 101 F.Supp. 332.

█ As to Dorothy Reuter's injuries: cerebral concussion—shock, unconscious for some hours; a stellated fracture of the skull; multiple fractures of the pelvis (sacrum, pubis and ischium); separation of the right acromio clavicular joint; lacerations: of the scalp (4½ inches), over the pubis, over the left perineal region (4 inches), over the posterior aspect of the right shoulder (1¼ inches); multiple abrasions and contusions: of the face, right foot (6 inches), left leg (3 inches), over the buttocks. (2 inches); falling hair in spots on the right side, in the front and back of the head.

She was confined to the York Hospital for three weeks and to her home thereafter for fourteen weeks. She was treated for shock; X-rays were taken on several occasions; because of the pelvic condition she was obliged to be kept in bed in one position for eighteen days; her shoulder was strapped and the arm immobilized for nine weeks; she was treated for the fractures, the lacerations and abrasions; for a temporary deafness in one of her ears; and was given a new set of eye glasses.

As to the fractures there was good union; as to the head injury there was a good recovery; the wounds healed fairly prompt-

ly; the hair condition on the side and in the back has been restored to normal. The hair will not return to the portion of the head where there was a laceration. The ear and eye conditions have been cleared up.

There are residual scars over the right shoulder, on the left leg and on the right foot. There is a scar on her head extending from 1½ inches outside the hairline several inches toward the rear. This can be covered by a rearrangement of the hairdo.

After seventeen weeks plaintiff returned to her regular work as supervisor in a cafeteria. She walks well; has complete motion of her shoulder. During the entire period Dorothy Reuter suffered some pain—more intense in the earlier weeks. She still has pain in the shoulder and pelvic regions on changes of weather; as to the shoulder when lifting; as to the shoulder and pelvis when bumped or when pressure is applied. Plaintiff wife claims some disturbance of her sexual relations with her husband attributable to the injury. Plaintiff husband has incurred bills and suffered the loss of his wife's society, services and consortium for the period in question.

The special damages proved are as follows:

| | |
|---|---|
| Loss of earnings—17 weeks, partially at $47.25 per wk.—$49.56 per wk. | $ 904.04 |
| York Hospital | 229.41 |
| Fred F. Bergdoll, M.D. | 225.00 |
| L. R. Lerman, M.D. | 100.00 |
| C. E. McGuigan, M.D. | 14.50 |
| D. J. McHenry, M.D. | 33.00 |
| Medications | 15.00 |
| Replacement of glasses | 14.50 |
| Loss of clothing | 48.95 |
| Total | $1584.40 |

As a result of the above findings we assess damages as follows: In favor of Dorothy V. Reuter and against the United States of America in the sum of $4743.59; in favor of the plaintiff, Joseph A. Reuter, and against the United States of America in the sum of $2131.41, or a total of $6875.