## Kar Liquid, Inc. v. Eastern Freightways, Inc.

580

*Harry P. O'Neill,* for plaintiff.
*Joseph L. Mullaney,* for defendant.

KOSIK, *J.,* February 19, 1975—This matter was heard by the court without a jury pursuant to agreement between the parties.

Plaintiff seeks to recover for damages to a tractor portion of a tractor-trailer unit owned by plaintiff, allegedly caused as a result of a collision with the tractor-trailer of defendant in a truck stop parking lot near Harford, Pa., on January 31, 1971.

It appears from the evidence that plaintiff's driver parked his vehicle at the truck stop and proceeded to take a nap. The nap was interrupted when defendant's vehicle collided with the front part of plaintiff's tractor unit. Plaintiff's driver spoke with the driver of the vehicle which hit his tractor. The driver of defendant's vehicle stated that he entered the truck stop for fuel. He set his brakes and went into the restaurant for coffee. For some unexplained reason defendant's vehicle, while unattended, rolled into the vehicle of plaintiff causing damage. Defendant offered no evidence.

Defendant relies on the elementary rule that the mere happening of an accident does not establish

negligence, nor does it raise an inference or presumption of negligence on the part of a defendant. Further, that plaintiff has the burden of proving negligence on the part of defendant and that such negligence was the proximate cause of the damage to plaintiff's vehicle.

Plaintiff relies on the holding in Dardis v. Cuda, 379 Pa. 269, 108 A.2d 795 (1954), wherein the court held that in the ordinary course of things such accidents do not happen if the person controlling the vehicle uses proper care. The court concluded that the jury can, under the circumstances, be permitted to draw the inference that the driver did not leave the vehicle in proper condition, and unless he produces evidence, which is believed, which explains the accident, the jury has a right to believe he was negligent.

In 1 Meyer, Law of Evidence in Pennsylvania §1.92 (1977), the author presents an interesting discussion of the res ipsa loquitur doctrine, and the restricted version of same in the exclusive control doctrine as they have been applied in vehicle cases. While that discussion shows the erosion of such principles in their application to vehicle cases, some vestiges remain in the case of the unattended vehicle which moves without some explanation. The principles do not remain in name, but the criteria has continued to be applied when the courts hold that there can be an inference of negligence drawn from the facts proved, and that the weight of the inference depends on the jury's consideration of defendant's explanation. See Dardis v. Cuda, supra; Helfrich v. Gurnari, 78 Pa. Superior Ct. 449 (1922); Henderson v. Horner, 287 Pa. 298, 135 Atl. 203 (1926); Hickerson v. Daskam, 313 Pa. 379, 169 Atl. 769 (1934).

Some of these cases involved an appropriate provision of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1022. However, Dardis v. Cuda, and Helfrich v. Gurnari, supra, have held that, irrespective of the statute, an inference of negligence may be drawn.

Regardless of the authorities cited hereinabove, our Supreme Court in Gilbert v. Korvette's Inc., 457 Pa. 602, 327 A.2d 94 (1974), now appears to place upon the mantel for posterity the fine distinctions which ruled the application of both the res ipsa loquitur and exclusive control doctrines. Pennsylvania cases will now be determined according to the provisions of the Restatement 2d Torts §328D, which allows an inference of negligence under certain specified circumstances, including those before the court in this case. See Illustration 5, Comment on Clause (b) of Subsection (1), §328D.

Accordingly, under existing authority in Pennsylvania we find defendant negligent, and further, that its negligence was the proximate cause of the plaintiff's damage.

The contracted repairs to plaintiff's vehicle amount to $2904.20 plus a sales tax of $174.25. We find the amount to be fair, reasonable, and necessary. The towing charge amounted to $135.

During the period of repair, plaintiff was required to rent a replacement vehicle in order for it to fulfill a contractual obligation. This rental was for 22 days or a total of $2353.53. While the actual repair time did not consume 22 days, any delays were not occasioned by a lack of diligence on the part of the repairman or plaintiff in seeking to minimize damages. Accordingly, we find that the rentals were reasonable and necessary.

Finally, plaintiff seeks interest by way of compensation for defendant's alleged delay in payment: Marrazzo v. Scranton Nehi Bottling Co., Inc., 438 Pa. 72, 263 A.2d 336 (1970). Without going into an extensive discussion, we have considered the authorities in light of the circumstances of this case, and conclude that defendant did not occasion such delay as would warrant an award of interest by way of damages.

We conclude by deciding for plaintiff, Kar Liquid, Inc., and against defendant, Eastern Freightways, Inc., in the amount of $5566.98.