# Roberts *v.* Vallamont Traction Co., Appellant.

*Appeals—Charge—General exception—Inadequacy of charge—Failure to correct omission at trial—Negligence—Street railways—Passenger.*

1. A mere inadequacy of charge cannot be taken advantage of, if not especially excepted to at trial. Courts of appeal will refuse to review matters not called to the attention of the trial judge unless the alleged errors are basic and fundamental.

2. An instruction that the jury would be justified in finding a passenger on a street railway car guilty of contributory negligence if she got off the car before it came to a full stop, is not ground for reversal, because of the use of the expression "would be justified," instead of "must find" where it appears that no request was made

at the trial for a correction, that only a general exception was taken, and that the charge as a whole did not mislead the jury.

Argued February 15, 1921. Appeal, No. 180, Jan. T., 1921, by defendant, from judgment of C. P. Lycoming Co., March T., 1918, No. 320, on verdict for plaintiff, in case of Selina Roberts v. Vallamont Traction Co. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before WHITEHEAD, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was portion of charge quoted in opinion of Supreme Court.

*Max L. Mitchell,* with him *Candor & Munson,* for appellant.—There was nothing to take the case out of the rule that it is negligence per se to step on or off a moving car: Hunterson v. Traction Co., 205 Pa. 568; Boulfrois v. Traction Co., 210 Pa. 263; Hower v. Traction Co., 231 Pa. 626; Purvis v. Buffalo R. & P. R. R., 219 Pa. 195; Powelson v. Traction Co., 204 Pa. 474; Bainbridge v. Traction Co., 206 Pa. 71; Kitler v. Ry., 27 Pa. Superior Ct. 602.

*G. B. M. Metzger,* with him *W. K. Bastian,* for appellee, cited: Hufnagle v. Ry., 261 Pa. 599; Reeves v. R. R., 30 Pa. 454; Com. v. Razmus, 210 Pa. 609; Reznor Mfg. Co. v. R. R., 233 Pa. 369; Nowlis v. Hurwitz, 232 Pa. 154; Hubbard v. Transit Co., 263 Pa. 586; Mastel v. Walker, 246 Pa. 65.

OPINION BY MR. JUSTICE SCHAFFER, March 7, 1921:

A single question is presented in this appeal. The action was for damages for personal injuries, the negli-

gence alleged being that a street car, from which plaintiff was alighting, started prematurely. Counsel for appellant, who presented his case fairly and ably, concedes the issues involved were for the jury, and complains of but one trial error—that the court in its charge said, "If this plaintiff did get off this car before the car came to a full stop, then you would be *justified* in finding her guilty of contributory negligence"; whereas, he contends, the court, to give expression properly to the rule of law which badges it as negligence per se to get off a moving car, should have instructed the jury that, if plaintiff did get off the car before it came to a full stop, they "must" find her guilty of contributory negligence. All must agree with the proposition that to get off a moving car is negligence per se, and concede that the excerpt quoted from the charge was an inadequate presentation of the rule to the jury; but we cannot subscribe to the conclusion that it was such a fundamentally erroneous statement of law as requires a reversal of the case.

At the conclusion of his charge, the learned trial judge inquired, of counsel for both sides, whether there was anything further they desired him to say to the jury; and defendant's counsel did not indicate any further instructions as necessary. It was counsel's duty, if the part of the charge now assigned as error was deemed inadequate, to have then called the court's attention to the matter of complaint, in order that it might have been amplified, or put in more imperative form. It is manifest, from a reading of the entire charge, that the court had no intention to pare down the rule of plaintiff's duty not to alight from a moving car, or to minimize the result to her if she violated such rule; furthermore, we are convinced the jury understood what their duty was, and were not misled by the inexactitude of expression now assigned for error. The language complained of could not have impressed defendant's counsel, at the trial, as being of the importance now assigned to it, be-

cause, when excepting to the charge at its conclusion, only a general exception was taken. "A mere inadequacy of charge cannot be taken advantage of if not especially excepted to at trial. Courts of appeal will refuse to review matters not called to the attention of the trial court unless the alleged errors are basic and fundamental": Sikorski v. Phila. & Reading Ry. Co., 260 Pa. 243; Mackowski v. Phila. Rapid Transit Co., 265 Pa. 34.

The assignment of error is overruled and the judgment is affirmed.