## Polakovic v. Pulcini

*James C. Lanshe*, for plaintiff.

*Howard Yarus*, for defendant.

*Paul A. McGinley*, for additional defendant.

KOCH, J., May 13, 1958.—Plaintiff, an employe of Hospital Service Plan, was severely injured when a bottle of water delivered by Pulcini broke in his hands while he was attempting to place it on the original defendant's dispenser in Hospital Service Plan's office.

Plaintiff sued Pulcini to recover for his injuries and Pulcini joined Hospital Service Plan as an additional defendant, ending his complaint against Hospital Service Plan with this language:

"6. If, as alleged in Plaintiff's Complaint, Plaintiff's personal injuries were sustained by reason of the negligence of someone other than himself, such injuries were caused solely by the negligence and carelessness on the part of the Additional Defendant:

"A. In authorizing, directing or permitting this Plaintiff, Frank A. Polakovic, to engage in any activity whatsoever with respect to the glass water jug.

"B. In failing to properly safeguard the aforesaid glass jugs while on their premises.

"C. In failing to provide for the safe placing and replacing of said glass jugs upon the water cooler provided therefor.

"Wherefore, Defendant, Hugo Pulcini, alleges and avers that the Additional Defendant, Hospital Service Plan of the Lehigh Valley, is solely responsible for the damages alleged to be sustained by the Plaintiff, Frank A. Polakovic, or jointly and severally liable with the said Defendant, Hugo Pulcini, or liable over to him, the said Defendant, Hugo Pulcini."

Additional defendant has filed preliminary objections: (1) By way of demurrer (a) because of allegation of sole liability on part of additional defendant and employer, (b) because additional defendant is an eleemosynary institution and may not be sued for the torts of its servants and; (2) by way of motion for a more specific complaint in that no *acts* of negligence are pleaded against additional defendant.

We are of the opinion that the second cause for demurrer controls this case and therefore discuss that preliminary objection and no others.

Section 15 of the Nonprofit Medical Service Corporation Act of June 27, 1939, P. L. 1125, 15 PS §2851-1515, as variously amended, is headed "Exemption from taxation" and reads: "Every nonprofit medical and osteopathic service corporation is hereby declared to be a charitable and benevolent institution, and all its income, funds, investments and property shall be exempt from all taxation of the State or its political subdivisions."

If it is a charitable institution, additional defendant is exempt from suit for the torts of its servants: Knecht v. Saint Mary's Hospital, 392 Pa. 75, 76, and cases therein cited.

Defendant gives two reasons why these decisions should not bar his present action: (1) That additional defendant's character as a public charity is a question of fact to be determined at trial and; (2) section 15 of the 1939 act related to taxation alone as evidenced by the heading and by the last clause in the section.

Defendant does not and cannot deny that additional defendant was incorporated under the Act of 1939. That being the case, section 15 of the act applies to it and there can be no dispute of fact on that point. We were faced with a similar proposition in Sherer v. St. Luke's Hospital, 27 Leh. 369, 371, and held that it was futile to go to trial when the case was ruled by indisputable facts, whether or not they were the subject of judicial notice.

We might also have misgiving as to additional defendant's status as a "purely public charity" if it were an open question. Not every nonprofit corporation is a purely public charity. See Ogontz School Tax Exemption Case, 361 Pa. 284, 291; Hill School Tax Exemption Case, 270 Pa. 21, 27.

We note, however, that the legislature has declared additional defendant, not by name, but by definition, to be a charitable institution. There seems to be some justification for this beyond the mere legislative fiat, for the Act of 1939 in its section 2, 15 PS §2851-1502, states the necessity of provision for adequate medical services for persons of low income, without deprivation of necessaries of life.

We doubt that the legislature can make charitable what is not charitable or that its calling a mouse a lion makes it a lion. When, however, there are grounds for a legislative classification, we feel bound to accept the legislative classification and therefore find that additional defendant is a charitable institution.

We cannot sustain defendant's contention that the legislature made additional defendant a charitable institution for taxation purposes only. In the first place, chapter headings are given a very slight influence in statutory construction. Section 54 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §554, states: "The headings prefixed to chapters, articles, sections and other divisions of a law shall

not be considered to control but may be used to aid in the construction thereof."

When we turn to the Constitution of Pennsylvania, we find that according to article IX, sec. 1, the legislature may exempt from taxation, inter alia, ". . . institutions of purely public charity . . ." and according to article IX, sec. 2, that ". . . all laws exempting property from taxation, other than the property above enumerated shall be void".

It is at once obvious that the right of the legislature to exempt from taxation depends upon the preëxistent fact that the object of exemption is an institution of purely public charity. Otherwise, the whole section would be void. The legislature need not exempt from taxation every charity, but it cannot exempt any such institution unless it is already such an institution. We cannot then limit the definition of additional defendant as a charitable institution to its status as a taxpayer.

Under section 52 of the Statutory Construction Act of 1937, 46 PS §552, we assume: "That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth."

It would, of course, be possible to rule that the tax exemption section is void if we believed that the legislature had no right to declare additional defendant a charitable institution.

We have stated above that there are reasons behind the legislature's declaration of additional defendant's charitable status and under those circumstances it is not for us to determine whether we would independently have come to the same conclusion. Leaning, as we must, toward the constitutionality of a law, we accept the legislature's designation of additional defendant.

Now, May 13, 1958, additional defendant's preliminary objection by way of demurrer is sustained

708

and judgment is entered in favor of Hospital Service Plan of the Lehigh Valley.